IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ) <br> JAMES LITTLE, et al., ) <br> ) <br> ) <br> Defendant. ) <br> ) <br> _____) | No. CV-F-02-5141 REC/DLB <br><br> ORDER DENYING DEFENDANTS JAMES AND LORNA LITTLE'S MOTION TO DISMISS (Docs. 102, 103, 104, 105, 106 & 116) |

On August 29, 2005, the court heard the motion to dismiss filed by James and Lorna Little.

Upon due consideration of the record and the arguments of the parties, the court denies this motion for the reasons set forth herein.

The United States has filed an action against James and Lorna Little to reduce to judgment federal income tax assessments against the Littles and to foreclose related tax liens against them on real property located in Tulare County.

On March 11, 2005, the Littles, who are proceeding in pro

1 <u>per</u>, filed a motion to dismiss this action because of the
2 "absence of any proof of a cession of territory within the state
3 of California at Lemon Cove where Defendants live." On June 9,
4 2005, the Littles filed an "Amendment" to their motion to dismiss
5 adding several grounds for dismissal of the First Amended
6 Complaint. At oral argument on August 29, 2005, the Littles
7 filed a "Statement for the Court".

8 In February 2004, the Littles filed a Motion to Compel
9 Answers to Discovery Requests and Production of Documents or To
10 Dismiss. By Order filed on April 12, 2004, the court denied this
11 motion without oral argument, the court concluding that the
12 motion was frivolous as a matter of law. The court ruled in
13 pertinent part:

> The Littles argue that the discovery sought
> by the attached interrogatories and requests
> for production of documents is relevant and
> reasonably calculated to lead to discovery of
> admissible evidence that the United States
> has never obtained the requisite notice of
> acceptance of jurisdiction and exclusive
> legislative jurisdiction over the land on
> which this federal courthouse stands or the
> land owned by the Littles in Tulare County.
> The Littles contend that Article I, Section
> 8, subparagraph 17 of the United States
> Constitution and 40 U.S.C. § 255 "strictly
> limits the FEDERAL LEGISLATIVE JURISDICTION
> OF THE UNITED STATES WITHIN STATE BOUNDARIES
> TO 'TERRITORIES, 'ENCLAVES', 'FEDERAL AREAS'
> WHICH HAVE BEEN CEDED BY THE LEGISLATURE OF
> THE GIVEN STATE, WHICH CESSION MUST HAVE BEEN
> ACCEPTED AS REQUIRED BY FEDERAL AND STATE LAW
> UNDER TITLE, 40 SECTION 255."
>
> There is no question that this court has
> authority by statute to hear this case. The
> jurisdiction of the United States District
> Courts to hear suits to enforce the federal

2

|   |   |
|---|---|
| 1 | income tax laws against the Littles is not dependent on whether the State of California or the United States owns the land on which this federal courthouse is located. Furthermore, the jurisdiction of the United States to enforce federal tax liens by foreclosure of lands located within a state is not dependent upon those lands being in a federal enclave.  Article I, Section 8, subparagraph 17 of the United States Constitution provides for congressional legislative power over the District of Columbia and federal enclaves.  This section, however, does not bar the federal government from enforcing the federal tax laws by foreclosing a tax lien on property outside of the national capital or federal enclaves. Article I, Section 8, subparagraph 1 of the United States Constitution explicitly provides the federal government with the power to lay and collect taxes.  This is an independent power which is not limited by the other specific powers enumerated in Section 8.  See United States v. Butler, 297 U.S. 1, 65-66 (1936); In re Becraft, 885 F.2d 547, 548 n.2 (9th Cir. 1989); United States v. Sato, 704 F.Supp. 816, 818 (N.D.Ill. 1989). The Littles' reliance on Section 255 is equally unavailing.  Section 255 has no relevance to the ability of the federal government to enforce the federal tax laws. Section 255 was designed to ensure that automatic cession statutes did not saddle the United States with unwanted jurisdiction over property acquired by the United States within a state.  See United States v. Johnson, 994 F.2d 980, 985 (2nd Cir. 1993). |

In their motion to dismiss filed on March 11, 2005, the Littles now argue that the instant motion to dismiss is based on their contention that United States v. Butler, 297 U.S. 1 (1936)

> WAS UNAUTHORIZED UNDER THE HISTORICAL FACTS AND THE LAW OF THE UNITED STATES OF AMERICA, PURSUANT TO THE ORIGINAL INTENT OF THE FRAMERS OF THE FEDERAL CONSTITUTION, AND THE PEOPLE OF THE UNITED STATES OF AMERICA, AT THE ORIGINAL CONSTITUTIONAL CONVENTION OF 1787, BECAUSE THE PEOPLE REJECTED Alexander

|   |   |
|---|---|
| 1 | Hamilton's IDEAS, ARGUMENTS, PROPOSITIONS AND INTENTIONS FOR THE NEW GOVERNMENT UNDER THE NEW CONSTITUTION AT THE SAID ORIGINAL CONVENTION OF 1787, WHICH MEANS THE RULING UNDER BUTLER, SUPRA, GOES AGAINST THE WILL AND INTENTIONS OF THE PEOPLE OF THE UNITED STATES OF AMERICA, DENYING CONSTITUTIONAL GUARANTEE OF A REPUBLICAN FORM OF GOVERNMENT EXPRESSLY MANDATED UNDER ARTICLE 4 SECTION 4 OF THE FEDERAL CONSTITUTION, AND ALSO IN VIOLATION OF DEFENDANTS UNALIENABLE RIGHTS UNDER THE 1st, 4th, 5th, 9th, 10th ARTICLES OF THE BILL OF RIGHTS OF 1991 [sic], AND THE 1st, 4th, 5th, 9th, 10th AMENDMENTS TO THE FEDERAL CONSTITUTION. UNDER THESE HISTORICAL FACTS IT IS CLEAR THAT THE COURT HEREIN MUST NOW RULE IN FAVOR OF THE RIGHT OF THE PEOPLE AND DEFENDANTS TO A REPUBLICAN FORM OF GOVERNMENT, AND TO UPHOLD THEIR UNALIENABLE RIGHTS UNDER THE SAID BILL OF RIGHTS, AND AMENDMENTS TO THE FEDERAL CONSTITUTION, TO PRIVACY AND TO NOT ASSOCIATE OR CONTRACT WITH THE FEDERAL GOVERNMENT AND TO BE SECURE IN THEIR PAPERS AND EFFECTS, AND TO DUE PROCESS OF LAW, ETC. |

Defendants' motion without merit. This court has the jurisdiction to hear this case for the reasons articulated in the United States' opposition to this motion. Defendants' arguments that the Supreme Court in <u>Butler</u> wrongly decided the law is not a position upon which this court can rely because this court is bound by Supreme Court authority. Therefore, the Littles' motion on this ground is denied.

As noted, the Littles filed an "Amendment" to their motion to dismiss on June 9, 2005. The "Amendment adds two new grounds upon which the Littles rely in contending that this action must be dismissed.

The Littles contend that this court has no jurisdiction to hear this action because the action is not authorized by 26

4

U.S.C. § 7401.

Section 7401 provides that "[n]o civil action for the collection or recovery of taxes, or of any fine, penalty, or forfeiture, shall be commenced unless the Secretary authorizes or sanctions the proceedings and the Attorney General or his delegate directs that the action be commenced."

The Littles' contention that this action has not been authorized as required by Section 7401 is belied by the exhibits submitted by the Littles in support of the "Amendment". Attached as an exhibit to the "Amendment" is a copy of a letter dated August 17, 2001 from the Office of Chief Counsel, Internal Revenue Service, to Assistant Attorney General O'Connor of the Tax Division of the Department of Justice authorizing the Department of Justice to commence a suit to reduce the tax assessments to judgment and to foreclose on tax liens on real property located at 23009 Avenue 230, Lemon Cove, California. Also attached as an exhibit to the "Amendment" is a copy a letter dated January 31, 2002 from the Chief, Civil Trial Section, Western Region, of the Tax Division of the Department of Justice to United States Attorney John K. Vincent authorizing the filing of this action. Although portions of these letters are redacted, the two letters, taken together, show that the United States has complied with Section 7401.[1] The Littles nonetheless argue that

---

[1] Furthermore, both the Complaint and the First Amended Complaint allege: "In accordance with 26 U.S.C. §§ 7401 and 7403, this action is commenced at the request and with the authorization of the Chief Counsel of the Internal Revenue Service, a delegate of

5

these two letters, produced to the Littles in discovery, "do not prove under the rules of evidence that the plaintiff has fully complied with ... Section 7401 [underling and capitalization omitted]."  The Littles assert:

> Though there is a letter with letterhead stating Department of the Treasury Internal Revenue Service, Office of the Chief Counsel, Small Business/Self-Employment Division Counsel, it bares an address from San Jose, California, not from the actual office of the Chief Counsel, which is in Washington, D.C., and it is signed by two attorneys, who are not identified as employees, officers or even employees of the Treasury Department of the United States of America, which does not comply with the express requirement that the action be authorized by the Secretary of the Treasury or a delegate of the Secretary of Treasury, nor is there any documentation of any actual written request from the Attorney General or his delegate ... Although there is a heresay [sic] letter by Assistant Attorney General Eileen J. O'Connor, signed by Jerome H. Fridkin, Chief Civil Trial Section, Western Region, that letter is from the Department of Justice Tax Division, not the Attorney General, and there is no evidence produced that shows or establishes the person who signed the document is actually a delegate of the Attorney General of the United States of America.

The Littles contend that the exhibits attached to the "Amendment" "violate the best evidence rule, as they are heresay [sic] documents" and further argue:

> there is no authentication, affidavit, or certification of authenticity, no foundation to establish that the persons plaintiff is purporting to have signed the letters in

---

the Secretary of the Treasury, and at the direction of the Attorney General of the United States."

| | |
|---|---|
| 1 | question are actually 'officers, employees, or agencies of the Treasury Department duly authorized by the Secretary of the Treasury directly, or indirectly by one or more redelegations of authority to perform the function mentioned or described in the context' of Section 7401 of U.S. Code ... as is expressly required under federal law under ... Section 7701. |
| 2 | |
| 3 | |
| 4 | |
| 5 | |

There is a presumption of regularity that attaches to the actions of public officials. See Palmer v. I.R.S., 116 F.3d 1309, 1311 (9th Cir. 1997). The Littles have presented nothing to this court from which it may be inferred that this presumption of regularity does not apply. There is no requirement that delegation orders be published, United States v. Holm, 2001 WL 669279 (9th Cir. 2001). Pursuant to 26 U.S.C. § 7701(a)(11)(B) and (a)(12)(A), the term "Secretary" shall include "the Secretary of the Treasury of his delegate" and the term "delegate" includes "any officer, employee, or agency of the Treasury Department". A United States Attorney is authorized to commence an action to convert an IRS assessment into judgment. 28 U.S.C. § 547(2). Furthermore, a United States Attorney may delegate an assistant United States attorney to commence such an action on his behalf. 28 U.S.C. § 542. Consequently, the court concludes from the record that this action was validly commenced pursuant to Section 7401 and that this court has jurisdiction.

The second ground for dismissal set forth in the "Amendment" is the Littles' contention that the United States has failed to comply with the requirements of 26 U.S.C. § 6020, which provides for the preparation and execution of substitute tax returns by

7

the Secretary of the Treasury.  The Littles argue that, in the absence of such a substitute tax return, there can be no valid assessment.  The Littles contend that copies of the substitute returns prepared in connection with their underlying tax liabilities were not produced in discovery:

> WHEN DEFENDANTS REQUESTED COPIES OF ANY SUBSTITUTE RETURNS ... PLAINTIFF FAILED AND REFUSED TO PROVIDE SAID REQUIRED SUBSCRIBED RETURNS, AND MERELY RELIED ON THE PRIOR FILED FORM 4340's AS PROOF OF PROPER ASSESSMENT OF THE SAID ALLEGED TAXES, BUT THE FORM 4340 IS ONLY A HERESAY [sic] CERTIFICATE, NOT DIRECT EVIDENCE TO SUPPORT ANY CLAIM OF ASSESSMENT BY PLAINTIFF, AND NO PROOF HAS BEEN PRODUCED BY PLAINTIFF, THOUGH IT HAS BEEN REQUESTED ON NUMEROUS OCCASSIONS [sic] BY DEFENDANTS IN THIS CASE.

The Form 4340 referred to by the Littles are Certificates of Assessment and Payment.  The Ninth Circuit has held that Certificates of Assessment and Payment constitute valid proof that tax assessments were made and that the Certificates of Assessment and Payment are not inadmissible hearsay.  See United States v. Hughes, 953 F.2d 531, 535, 539-540 (9th Cir. 1991).  Furthermore, the filing of a substitute return pursuant to Section 6020 is not a prerequisite to the issuance of a notice of deficiency or to the issuance of an assessment.  See Roat v. C.I.R., 847 F.2d 1379, 1381-1382 (9th Cir. 1988); Pargett v. United States, 1991 WL 5168 (9th Cir. 1991); Pack v. United States, 1995 WL 783591 (E.D.Cal. 1995).  Finally, in Geiselman v. United States, 961 F.2d 1 (1st Cir.), cert. denied, 506 U.S. 891 (1992), the First Circuit rejected the taxpayer's argument that

8

1  the failure by the IRS to prepare adequate substitute returns
2  tainted the notice of deficiency, holding in pertinent part:

> The substitute returns thus may have been of
> no practical or legal value to the IRS in
> calculating Michael's deficiency or preparing
> the notice, but that fact (if it is a fact)
> has no consequence in this case.  The
> Internal Revenue Code's deficiency procedures
> 'do not require the Commissioner to prepare a
> return on a taxpayer's behalf before
> determining and issuing a notice of
> deficiency.' ... When a taxpayer fails to
> file any return, 'it is as if he filed a
> return showing a zero amount for purposes of
> a deficiency.' ... The deficiency is simply
> 'the amount of tax due' ... and it can be
> calculated, and the notice prepared, on that
> basis.

961 F.2d at 5.  See also Wos v. C.I.R., 110 Fed.Appx. 689 (7th Cir. 2004):

> ... Wos argues that there has been no valid
> determination of his tax liability because
> the Commissioner filed for each year a
> substitute return labeled as a 'substitute
> for return.'  The tax code authorizes the
> Commissioner to make a 'return' from
> available information in determining the tax
> liability of those who do not file returns;
> the code nowhere prescribes a form or name
> for this return ... Moreover, a substitute
> return is not a precondition for issuing a
> notice of deficiency, so it makes no
> difference here whether or not the two
> returns made on behalf of Wos were valid.

Therefore, this ground for dismissal asserted by the Littles is without merit.

ACCORDINGLY:

1. Defendants James and Lorna Little's motion to dismiss is denied.

///

9

1  IT IS SO ORDERED.

2  **Dated:  September 23, 2005**              **/s/ Robert E. Coyle**
   668554                                      UNITED STATES DISTRICT JUDGE