1

2

3

4

5

6          IN THE UNITED STATES DISTRICT COURT FOR THE

7                EASTERN DISTRICT OF CALIFORNIA

8

9  UNITED STATES OF AMERICA,     )     No. CV-F-02-CV-5141 REC/DLB
                                 )
10                               )     ORDER GRANTING PLAINTIFF'S
                                 )     MOTION FOR PARTIAL SUMMARY
11               Plaintiff,      )     JUDGMENT (Doc. 100)
                                 )
12          vs.                  )
                                 )
13                               )
   JAMES LITTLE, et al.,         )
14                               )
                                 )
15               Defendant.      )
                                 )
16  _____ )

17       On August 29, 2005, the court heard the United States'

18  motion for partial summary judgment.  Upon due consideration of

19  the record and the arguments of the parties, the court grants

20  this motion for the reasons set forth herein.

21       The United States has filed this civil action pursuant to 26

22  U.S.C. §§ 7401 and 7403 to reduce to judgment certain federal

23  income tax assessments against defendants James and Lorna Marie

24  Little and to foreclose related federal tax liens against them on

25  certain real property located in Tulare County, referred to as

26  the Lemon Cove Property.

                                1

1    The United States moves the court for partial summary

2 judgment against defendants James and Lorna Little on the ground

3 that there are no genuine issues of material fact with respect to

4 the Littles' federal income tax liabilities for the years 1991

5 through 1994 and that the United States is entitled to partial

6 summary judgment that:

7    A.  Defendant James Little is indebted to the United States

8 for the federal income tax assessments against him for the years

9 1991 through 1994 in the amount of $925,016.16, plus applicable

10 interest, penalties and other statutory additions from March 1,

11 2005, and

12    B.  Defendant Lorna Little is indebted to the United States

13 for the federal income tax assessments against her for the years

14 1991 through 1994 in the amount of $806,936.83, plus applicable

15 interest, penalties, and other statutory additions from March 1,

16 2005.

17    **1.  <u>United States' Statement of Facts in Support of Partial</u>**

18 **<u>Summary Judgment</u>**.

19    The court concludes that the facts set forth in this section

20 of the order are undisputed.  The court addresses the Littles'

21 challenges to these facts and to the motion for partial summary

22 judgment in the following section.

23    James and Lorna Little have been married since at least

24 1981.  The Littles filed joint federal income tax returns (Forms

25 1040) for the years 1989 and 1990.

26    The Littles refused to file federal income tax returns

(Forms 1040) for the years 1991 through 1994, asserting such arguments as they are not citizens of the United States and that their wages are not subject to payroll tax withholding.  James Little claimed sixty-six exemptions on his 1992 Form W-4 filed with his employer, Montgomery Ward, Inc.

The IRS sent a notice to the Littles, requesting that they file income tax returns.  The Littles refused to do so and otherwise did not provide any information to the IRS regarding their income for 1991 through 1993.  The IRS audited the Littles regarding their income in 1991 through 1993.  Based on information returns, e.g. Forms W-2 and Forms 1099, that third parties filed with the IRS, as well as other documents submitted by third parties in response to IRS requests, the IRS prepared separate substitute returns for James and Lorna Little pursuant to 26 U.S.C. § 6020(b).

On October 20, 1994, the IRS sent James and Lorna Little separate notices of deficiency for the years 1991 through 1993, notifying them of the IRS's determination that the Littles owed additional taxes, interest and statutory additions, and that they had ninety days to petition the United States Tax Court to redetermine the deficiencies.

The Littles did not petition the United States Tax Court for redetermination of the deficiencies nor did they pay the deficiencies.

On June 12, 1995, the IRS assessed James Little federal income taxes, interest, and penalties for 1991 through 1993 as

3

follows:

| Tax Period | Type of Tax | Assessment Date | Amount Assessed |
|---|---|---|---|
| 1991 | Income (Form 1040) | 06-12-1995 | $308.00 (UETP) $15,518.00 (LFP) $65,830.00 (T) $20,406.68 (I) |
| 1992 | Income (Form 1040) | 06-12-1995 | $2,315.00 (UETP) $13,262,00 (LFP) $53,049.00 (T) $12,256.13 (I) |
| 1993 | Income (Form 1040) | 06-12-1995 | $2,812.00 (UETP) $17,018.00 (LFP) $76,550.00 (T) $8,911.60 (I) |
| | | | $288,236.41 |

On June 12, 1995, the IRS assessed Lorna Little federal income taxes, interest and penalties for 1991 through 1993 as follows:

| Tax Period | Type of Tax | Assessment Date | Amount Assessed |
|---|---|---|---|
| 1991 | Income (Form 1040) | 06-12-1995 | $149.00 (UETP) $15,367.00 (LFP) $63,348.00 (T) $21,237.26 (I) |
| 1992 | Income (Form 1040) | 06-12-1995 | $2,188.00 (UETP) $12,522.00 (LFP) $50,088.00 (T) $11,572.09 (I) |

4

| 1993 | Income (Form 1040) | 06-12-1995 | $2,891.00 (UETP) $17,255.00 (LFP) $69,021.00 (T) $9,036.03 (I) |
|------|------|------|------|
| | | | $274,674,38 |

On June 12, 1995, the IRS sent James and Lorna Little demands for payment of the assessments against them for the years 1991 through 1993.

The Littles did not file a federal income tax return or otherwise provide any information regarding their income in 1994. The IRS audited the Littles regarding their income in 1994. Based on information returs, e.g. Forms W-2 and Forms 1099, that third parties filed with the IRS, the IRS prepared separate substitute returns for James and Lorna Little for 1994 pursuant to 26 U.S.C. § 6020(b). On November 2, 1998, the IRS sent James and Lorna Little separate notices of deficiency for the year 1994, notifying them that they owed additional taxes, interest and other statutory additions, and that they had ninety days to petition the United States Tax Court to redetermine the deficiencies.

The Littles did not petition the United States Tax Court nor did they pay the deficiencies for 1994.

On April 5, 1999, the IRS assessed James Little federal income taxes and related interest and penalties as follows:

| Tax Period | Type of Tax | Assessment Date | Amount Assessed |
|------|------|------|------|

5

| | | | |
|---|---|---|---|
| 1994 | Income (Form 1040) | 04-05-1999 | $5,630.00 (UETP) $27,598.00 (LFP) $120,558.00 (T) $56,749.59 (I) |
| | | | $210,535.59 |

On April 5, 1999, the IRS assessed Lorna Little federal income taxes and related interest and penalties as follows:

| Tax Period | Type of Tax | Assessment Date | Amount Assessed |
|---|---|---|---|
| 1994 | Income (Form 1040) | 04-05-1999 | $3,620.00 (UETP) $17,567.00 (LFP) $70,268.00 (T) $36,123.44 (I) |
| | | | $127,578.44 |

On April 5, 1999, the IRS sent James and Lorna Little demands for payment of the assessments against them for the year 1994.

As of March 1, 2005, the total outstanding balances on the assessments against James Little is $925,016.61, and on the assessments against Lorna Little is $806,936.83.

**2.   Littles' Oppositions to Motion for Partial Summary Judgment**.

The Littles have filed three separate oppositions to this motion for partial summary judgment, one on April 11, 2005 (Doc. 112), one of May 9, 2005 (Doc. 113), and one on August 17, 2005 (Doc. 122).  The Littles' August 17 filing also includes prayers

6

1   for sanctions against the United States.[1]

2       The Littles oppose this motion concerning the use by the

3   United States of the terms "substitute for return" and

4   "substitute return".  When the Littles did not file income tax

5   returns for the taxable years at issue, the IRS prepared

6   substitute returns for those taxable years pursuant to 26 U.S.C.

7   § 6020(b).  Section 6020(b)(1) provides in pertinent part:

8           If any person fails to make any return
            required by any internal revenue law or
9           regulation made thereunder at the time
            prescribed therefor ..., the Secretary shall
10          make such return from his own knowledge and
            from such information as he can obtain
11          through testimony or otherwise.

12  Section 6020(b)(2) provides that "[a]ny return so made and

13  subscribed by the Secretary shall be prima facie good and

14  sufficient for all legal purposes."  The IRS is not required to

15  prepare a substitute return prior to issuing a notice of

16  deficiency or an assessment.  <u>See</u> <u>Roat v. C.I.R.</u>, 847 F.2d 1379,

17  1381-1382 (9th Cir. 1988); <u>Pargett v. United States</u>, 1991 WL 5168

18  (9th Cir. 1991); <u>Pack v. United States</u>, 1995 WL 783591 (E.D.Cal.

19  1995).  The Littles contend that the United States has improperly

20  used the terms "substitute return" for the term "substitute for

21  return" and that the IRS did not follow the procedures set forth

22  in the IRS manual in preparing the substitute returns.  In

23  addition, the Littles argue that the IRS, in preparing substitute

24  returns under Section 6020 is limited to showing their status as

25  ─────────────────

26      [1]The court concludes that there is no basis for the imposition
        of sanctions on the United States and denies the Littles' request.

"single" or "married filing separately".  None of the Littles'

objections to the substitute returns are relevant or material to

their opposition to the motion for partial summary judgment.  In

Geiselman v. United States, 961 F.2d 1 (1st Cir.), cert. denied,

506 U.S. 891 (1992), the First Circuit rejected the taxpayer's

argument that the failure by the IRS to prepare adequate

substitute returns tainted the notice of deficiency, holding in

pertinent part:

> The substitute returns thus may have been of
> no practical or legal value to the IRS in
> calculating Michael's deficiency or preparing
> the notice, but that fact (if it is a fact)
> has no consequence in this case.  The
> Internal Revenue Code's deficiency procedures
> 'do not require the Commissioner to prepare a
> return on a taxpayer's behalf before
> determining and issuing a notice of
> deficiency.' ... When a taxpayer fails to
> file any return, 'it is as if he filed a
> return showing a zero amount for purposes of
> a deficiency.' ... The deficiency is simply
> 'the amount of tax due' ... and it can be
> calculated, and the notice prepared, on that
> basis.

961 F.2d at 5.  See also Wos v. C.I.R., 110 Fed.Appx. 689 (7th

Cir. 2004):

> ... Wos argues that there has been no valid
> determination of his tax liability because
> the Commissioner filed for each year a
> substitute return labeled as a 'substitute
> for return.'  The tax code authorizes the
> Commissioner to make a 'return' from
> available information in determining the tax
> liability of those who do not file returns;
> the code nowhere prescribes a form or name
> for this return ... Moreover, a substitute
> return is not a precondition for issuing a
> notice of deficiency, so it makes no
> difference here whether or not the two
> returns made on behalf of Wos were valid.

Consequently, the court rules that the Littles' opposition  to the motion for partial summary judgment based on assertions involving the substitute returns prepared by the IRS for the taxable years at issue are without merit.

The Littles further argue that the presumption of correctness accorded to a notice of deficiency applies only when the issue is before the United States Tax Court.  The Littles contend:

> No FRCP rule assigns such a presumption because the Federal District Courts do not have authority to hear challenges to the Notice of Deficiency.  The rules in the Tax Court and Federal District Courts are obviously not the same, therefore it is difficult for the Defendants to grasp the contention that a [sic] application of a presumption of correctness in the Fresno District Court is anything beyond a courtesy to the tax court.

The Littles' argument is without merit.  <u>Palmer v. United States Internal Revenue Service</u>, 116 F.3d 1309 (9th Cir. 1997) is a case in which the taxpayers did not petition the United States Tax Court after the notice of deficiency was issued but, rather, ignored them and filed a wrongful levy action in the district court.  The United States counterclaimed to enforce the tax liens and filed a third-party complaint to reduce the federal tax assessments to judgment.  The Ninth Circuit held in pertinent part:

> In an action to collect taxes, the government bears the initial burden of proof ... The Commissioner's deficiency determinations and assessments for unpaid taxes are normally entitled to a presumption of correctness so

1                long as they are supported by a minimal
                factual foundation ... The presumption shifts

2                the burden of proof to the taxpayers to show
                that the determination is incorrect ....

3                ...

4

5                Congress has specified no particular methods
                or evidentiary burdens on the Commissioner

6                when choosing a method for reconstructing a
                taxpayer's income under Section 446.  The

7                Commissioner, therefore, has wide discretion
                in choosing an income-reconstruction method

8                ... Where the Commissioner's method of
                calculating income is rationally based,

9                courts afford a presumption of correctness to
                the Commissioner's determination ... The

10               taxpayer has the burden of proving the method
               to be wrong ....

11  116 F.3d at 1312.

12    In its brief, the United States, referring to 26 U.S.C. §

13  7491, contends:

14               [I]n court proceedings after July 22, 1998,
               if a taxpayer introduces <u>credible</u> evidence as

15               to any factual issue relating to a tax
               liability, then the burden of proof shifts

16               back to the United States as to that issue.
               This provision, however, applies only if the

17               taxpayer has (1) complied with the
               substantiation requirements; (2) maintained

18               all required records; and (3) cooperated with
               the IRS's reasonable requests for

19               information.

20    The Littles argue that Section 7491 does not apply to this

21  court proceeding because the examinations of the taxable years at

22  issue commenced prior to the effective date of Section 7491,

23  i.e., July 22, 1998.

24    The Littles are correct on the law.  Section 7491 applies to

25  court proceedings arising in connection with examinations

26  beginning after July 22, 1998.  See <u>Seawright v. Commissioner</u>,

117 T.C. No. 24, 2001 WL 1631496 (U.S.Tax Ct. 2001); <u>Sykes v.</u>
<u>Commissioner</u>, 2001 WL 759903 (U.S.Tax Ct. 2001); <u>United States v.</u>
<u>Isley</u>, 356 F.Supp.2d 391, 396-397 (D.N.J. 2004).  However,
because Section 7491 actually benefits the taxpayers in court
proceedings, the Littles' contention does not negate the United
States entitlement to partial summary judgment.

The Littles further refer the court to 26 U.S.C. § 7403(c)
authorizes this court "to proceed in a *de novo* position" in
resolving this action.

This position also is without merit.  The Littles cite no
authority for this position and the court can find none.  The
standard of proof is forth in <u>Palmer</u>.

The Littles, noting that the Form 4340 is extracted from the
Individual Master File (IMF), contend that "it is clear that
transactions exist on the Individual Master File ... which are
not included on the Form 4340 belying the certification as a true
and complete copy of the record."  In so contending, the Littles
refer the court to excerpts from the Internal Revenue Service
Manual apparently copied by the Littles from the Internal Revenue
Service website and attached to their opposition filed on April
11, 2005 (Doc. 112) as exhibit 10.

The Littles do not describe the transaction(s) they believe
were listed on their IMFs which are not included in the Forms
4340.  Forms 4340 are derived from coded information in the IRS's
computer system.  An IMF is the file maintained by the IRS that
includes transactions on an individual's tax accounts, including

11

Forms 1040 and related documents.  The IMF is written in coded form, and a code book referred to as the "ADP" is used to decipher the code.  See United States v. Boyce, 148 F.Supp.2d 1069, 1076 n.3 (S.D.Cal. 2001).  Absent any clearer description by the Littles of the transactions they contend are not included in the Forms 4340

The Littles object to the court's consideration of the Declaration of IRS Technical Services Advisor, Alan Pobre, which declaration is attached as exhibit 1 to the United States memorandum in support of this motion for partial summary judgment.[2]  Pobre avers in pertinent part that he is a duly commissioned Technical Services advisor employed by the Small Business/Self-Employed Division of the Internal Revenue Service, that he has been so employed for over three years, and that he was a revenue officer for over 14 years.  Pobre further avers:

> 3.  As a Technical Services advisor, among other things, I am responsible for the Litigation Desk and for responding to U.S. Department of Justice requests for information regarding taxpayers involved in district and bankruptcy court cases.

> 4.  As a Technical Services advisor, I have access to the relevant IRS administrative files, including computer records, regarding those taxpayers.  I am also generally familiar with how those administrative files are generated and kept by the Service.

---

[2]The Littles pose similar objections to the court's consideration of the declaration of IRS collection group manager Martha Rodriguez attached as Exhibit W to the first Statement of Undisputed Facts, wherein Ms. Rodriguez sets forth the outstanding balances of the Littles' federal income tax assessments as of January 1, 2003.

5.   Trial Attorney Jeffrey S. Swyers from the Tax Division, U.S. Department of Justice, has requested that I provide the outstanding balances of James and Lorna Little's respective federal income tax liabilities for the years 1991 through 1994.

6.   According the [sic] Service's computer records, the outstanding balances as of March 1, 2005 on James Little's tax liabilities, including interest, penalty, and other statutory additions [total $925,016.61] ...

7.   According the [sic] Service's computer records, the outstanding balances as of March 1, 2005 on Lorna  Little's tax liabilities, including interest, penalty, and other statutory additions [total $806,936.83}

The Littles present ten pages of objections to the court's consideration of Pobre's declaration, contending that his averments are hearsay, that his declaration does not lay a proper foundation, fails to identify the records he is referring to, where and when the records were created and by whom, and fails to provide enough factual information to establish that there are any such records in existence.  The Littles argue that the averments in Pobre's declaration "amount to mere hearsay statements about a third parties alleged records, created by an unknown and nameless third party whom the plaintiff and Pobre have failed and refused to disclose to defendants and to the court in this case, in violation of the mandatory discovery and disclosure provisions in the Federal Rules of Civil Procedure, & in violation of the Federal Rules of Evidence Regarding Hearsay; & the best evidence rule". [Underling and capitalization deleted].  In addition, the Littles argue that Pobre's

13

declaration cannot be considered by this court for any purpose

> because it is made in violation of this
> courts previous amended Scheduling Order of:
> 10/15/2004 in that: Pobre is a witness for
> the plaintiff, and: He is an expert witness
> for the plaintiff, who is testifying by
> declaration concerning his own personal
> technical knowledge and experience regarding
> the specialized management, function,
> operations of records, records creation,
> generation, keeping of the 'Internal Revenue
> Service' for which he has claimed he conducts
> specialized work for, which requires expert
> specialized technical knowledge and training
> which would certify him and or qualify him as
> an expert witness for the plaintiff in this
> case; and said witness was never previously
> disclosed by plaintiff to defendants in this
> case as required by this court's Amended
> Scheduling Order, and the Federal Rules of
> Civil Procedure.

The Littles' hearsay and best evidence objections to Pobre's declaration do not preclude partial summary judgment.  Rule 56 permits the use of affidavits in evaluating a motion for summary judgment.  While the facts underlying the affidavit must be of a type that would be admissible as evidence, the affidavit itself does not have to be in a form that would be admissible at trial.  Hughes v. United States, 953 F.2d 531, 543 (9th Cir. 1991).  Furthermore, the court concludes that Pobre's declaration does not make him an expert witness within the meaning of the Federal Rules of Civil Procedure and Evidence.  Pobre's declaration merely summarizes the information contained on the IRS computers.

The Littles also object to the Forms 4340, Certificates of Assessment filed as exhibits I, J, R and S to the first Statement of Undisputed Facts (Doc. 36).  Each of these Forms 4340 has

14

1   attached to it a "Certificate of Official Record" dated November

2   22, 2004 and executed by E.M. Washington, Chief,

3   Accounting/Control Services Operations, Internal Revenue Service,

4   which certificate asserts that the Form 4340 is "a true Form

5   4340" for either James or Lorna Little for the respective tax

6   year.

7        The Littles object to the court's consideration of the Forms

8   4340 because the "Certificates of Official Record" were prepared

9   by E.M. Washington in anticipation of this litigation and were

10  signed years after the "alleged transaction in question", that

11  E.M. Washington has failed to lay a foundation that he has any

12  personal knowledge of the location of the records, the person or

13  persons who created the records, the person or persons who signed

14  the "original 23-C assessments".  The Littles further object the

15  Forms 4340 are "merely a hearsay representation of Vaguely

16  referred to 'records,' which records themselves have Not been

17  specifically identified or produced for the court or defendants,

18  and that the Forms 4340 are not admissible under any of the

19  exceptions to the hearsay rule "because they were not prepared in

20  the ordinary course of business, but were specially prepared and

21  signed by E.M. Washington FOR THIS LITIGATION MANY YEARS AFTER

22  THE TRANSACTIONS THEY CLAIM TO MEMORIALIZE." The Littles further

23  argues that the Forms 4340 are inadmissible because, in the

24  absence of the actual substitute returns prepared by the IRS for

25  each taxable year, "the claim of the existence of any actual

26  'Substitute for Returns' for the years in question amounts to a

15

1  Hearsay statement, and the statements of alleged '23C'
2  'assessment dates in the Forms 4340's of the alleged 'Substitutes
3  for Returns' are also Hearsay statements by 'E.M. Washington' in
4  the absence of any statement or testimony by E.M. Washington
5  under oath that he is the one who created, signed, and executed
6  the alleged 'Substitutes for Returns'".

7       All of these objections to the admission of the Forms 4340
8  are without merit.  Forms 4340 are admissible hearsay as public
9  records under Rule 803(8), Federal Rules of Evidence.  Hughes v.
10 United States, 953 F.2d 531, 539-540 (9th Cir. 1991).  Forms 4340
11 are admissible even though they are computer-generated documents
12 prepared exclusively for litigation.  See United States v. Gabel,
13 2002 WL 1396782 (N.D.Cal. 2002); United States v. Sitka, 1994 WL
14 389473 (D.Conn. 1994).  Furthermore, a certified Form 4340
15 produced by a witness who did not make the form and who had no
16 personal knowledge of its contents is admissible.  Egbert v.
17 United States, 752 F.Supp. 1010, 1019 (D.Wy.1990), aff'd, 940
18 F.2d 1539 (10th Cir.), cert. denied, 502 U.S. 1016 (1991).

19      The Littles further argue that the Forms 4340 are
20 inadmissible because they "were not previously provided the
21 defendants prior to this litigation when they requested the
22 record of assessment via Freedom of Information Act requests."
23 However, the FOIA requests attached to the Littles' objections
24 requested the "Official Internal Revenue Service Non-Master
25 Transcript" for the years 1991 through 2001.  A "non master file"
26 is a manual accounting system controlling certain types of

returns that are not processed through the general IRS computer system to the master file.  See United States v. Burdine, 205 F.Supp.2d 1175, 1179 (W.D.Wash. 2002).  Therefore, that the IRS did not comply with these FOIA requests does not render the Forms 4340 inadmissible.  See United States v. Gabel, supra, 2002 WL 1396782.

Submitted as exhibits M and N in support of this motion for partial summary judgment are copies of IRS Information Returns Master File Transcripts regarding James Little for 1991 and 1992, which Rex Lee, trial attorney for the Tax Division, United States Department of Justice avers are as contained in the IRS's administrative files.  These transcripts refer to numerous Forms 1099-B reported by Shearson Lehman Brothers, Inc. and the amounts of income reported on those Forms 1099-B.

The Littles object to the Forms 1099 and 1099-B relied upon by the IRS in calculating their income for the relevant years and to the transcripts as inadmissible hearsay and a violation of the best evidence rule.

The United States argues that the IRS Information Returns Master File Transcripts and the Forms 1099-B reported thereon are admissible as records of regularly conducted activity pursuant to Rule 803(6), Federal Rules of Evidence, contending that these are official records regarding the Littles' tax liabilities and their assessment kept in the course of the IRS's regularly conducted business.

Rule 803(6) provides that the following is not excluded by

1   the hearsay rule, even though the declarant is available as a

2   witness:

3             A memorandum, report, record, or data
            compilation, in any form, of acts, events,
4           conditions, opinions, or diagnoses, made at
            or near the time by, or from information
5           transmitted by, a person with knowledge, if
            kept in the course of a regularly conducted
6           business activity, and if it was the regular
            practice of that business activity to make
7           the memorandum, report, record, or data
            compilation, all as shown by the testimony of
8           the custodian or other qualified witness, or
            by certification that complies with Rule
9           902(11), Rule 902(12), or a statute
            permitting certification, unless the source
10          of information or the method of circumstances
            of preparation indicate a lack of
11          trustworthiness.  The term 'business' as used
            in this paragraph includes business,
12          institution, association, profession,
            occupation, and calling of every kind,
13          whether or not conducted for profit.

14       Here, the Information Returns Master File Transcripts, which

15   detail the Forms 1099-B reported by Shearson, are admissible

16   under Rule 803(6).  The declaration of Mr. Lee establishes that

17   these transcripts were in the administrative files of the IRS and

18   it is clear that these transcripts are prepared in the ordinary

19   course of the IRS's business activities.  Because these

20   transcripts are admissible under Rule 803(6), the Littles'

21   contention that the best evidence rule requires submission of the

22   original Forms 1099-B is without merit.

23       In their opposition filed on August 17, 2005 (Doc. 122), the

24   Littles make further objections to the Statement of Undisputed

25   Facts, calling this pleading an "amendment" to their previously

26   filed opposition.

1    The Littles object that Lorna Little was not employed by

2  Montgomery Ward, James Little was.  Therefore, it is contended

3  that Lorna Little cannot have had income from Montgomery Ward.

4  However, the Forms 886-A submitted by the United States as

5  Exhibit L establish that Lorna Little is assessed James Little's

6  income from Montgomery Ward has community property.

7    The Littles submit a declaration from Stephanie Reyes, the

8  personnel manager at Montgomery Ward who avers that  Corporate

9  Human Resources advised James Little to claim 65 exemptions on

10 his W-4.  However, this advice does not excuse the Littles'

11 failures to file income tax returns given the record before the

12 court demonstrating that the Littles had taxable, reportable

13 income during the years in question.

14    The Littles also object that their W-2's cannot be deemed as

15 party admissions because they did not sign them.  However, James

16 Little signed the W-4 upon which the W-2 was based.  Therefore,

17 the court concludes that the W-2s are party admissions.

18    The Littles also object that the references in the Forms

19 4340 to "23C 'RACS'" are insufficient to prove that proper

20 assessments were ever made.  The Littles argue that the RACS

21 "does not contain detailed information by type of tax ... and the

22 'master file' cannot summarize the taxpayer information needed to

23 support the amounts in RACS."

24    However, as explained in March v. I.R.S., 335 F.3d 1186,

25 1188-1189 (10th Cir.), cert. denied, 541 U.S. 1186 (2003):

26        The Commissioner 'has for a number of years

19

1       been engaged in making a transition from the
      general use of a manually prepared Form 23C
2       [Summary Record of Assessments] to the
      general use of RACS 006' ... Like Form 23C,
3       RACS Report 006 is a summary record of
      assessment.  However, RACS Report 006 is
4       generated on the computer and then signed by
      an assessment officer on the date of
5       assessment in accordance with 26 C.F.R. §
      301.6203-1 ... Form 23C is now only used when
6       the computer is unavailable ....

7       Therefore, as the IRS concedes in its brief,
      Form 23C is not generally used.
8       Nevertheless, since RACS Report 006 contains
      the same information contained on Form 23C
9       and is certified and signed by an assessment
      officer, RACS Report 006 satisfies the
10      signature and certification requirements of
      26 C.F.R. § 301.6203-1.  Furthermore ...,
11      production of a Form 4340 creates a
      presumption that a Summary Record of
12      Assessments, whether on Form 23C or RACS
      Report 006, was validly executed and
13      certified.

14 In Perez v. United States, 2001 WL 1836185 (W.D.Tex. 2001),

15 aff'd, 312 F.3d 191 (5th Cir. 2002):

16      [W]hile the RACS Report-006 does not contain
      the identification of the Plaintiff, the
17      character of the liability assessed against
      the Plaintiff, the taxable period, or the
18      amount of the Plaintiff's assessment, such
      information need not be provided in such RACS
19      Report-006.  Rather, as the Fifth Circuit has
      held, pursuant to 26 C.F.R. § 301.6203-1,
20      such information need only be provided in a
      supporting record.  The Plaintiff's IRS Form
21      4340 constitutes as such a supporting record,
      and provides the identification of the
22      Plaintiff, the character of the liability
      assessed against the Plaintiff, the tax
23      taxable period, and the amount of the
      Plaintiff's assessment.  Thus, a valid
24      assessment took place.

25 Consequently, the Littles' objections on this ground are without

26 merit.

20

1        **3.   <u>Conclusion</u>.**

2        The court concludes that the United States has demonstrated

3   that it is entitled to partial summary judgment.   The Littles

4   have not demonstrated a genuine issue of material fact precluding

5   partial summary judgment and have not established that the IRS

6   did not comply with the law in issuing the notices of deficiency

7   and making the assessments at issue in this action.

8        ACCORDINGLY:

9        1.   The United States' motion for partial summary judgment

10   against James and Lorna Little is granted

11        2.   Defendant James Little is indebted to the United States

12   for the federal income tax assessments against him for the years

13   1991 through 1994 in the amount of $925,016.16, plus applicable

14   interest, penalties and other statutory additions from March 1,

15   2005, and

16        3.   Defendant Lorna Little is indebted to the United States

17   for the federal income tax assessments against her for the years

18   1991 through 1994 in the amount of $806,936.83, plus applicable

19   interest, penalties, and other statutory additions from March 1,

20   2005.

21        IT IS SO ORDERED.

22   **Dated:  September 23, 2005**              **/s/ Robert E. Coyle**

23   668554                            UNITED STATES DISTRICT JUDGE

24

25

26

21