IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ) <br> JAMES LITTLE, et al., ) <br> ) <br> ) <br> _____Defendants._____ ) | CASE NO. CV-F-02-5141 REC/DLB <br><br> **ORDER ENTERING DEFAULT JUDGMENT AGAINST ALLEN CASSELMAN, AS TRUSTEE OF ALPHA LAND COMPANY** |

     Judgment by default is hereby entered pursuant to Fed. R. Civ. P. 55 against defendant Allen Casselman, as Trustee of Alpha Land Company, based upon failure to defend.

     The Defendant-Trustee is named in this action as the trustee of Alpha Land Company, and not in his individual capacity.  Allen Casselman signed the Answer as Trustee of Alpha Land Company.  Mr. Casselman does not claim to be an attorney, and informed the Court at the hearing held on August 29, 2005 that he was attempting to retain an attorney.  A further status conference was set at that time for September 26, 2005 to ascertain whether or not Casselman / Alpha Land Company had retained counsel.  Casselman did not appear at the September 26, 2005 status conference.

     The statute governing representation in the federal courts is 28 U.S.C. § 1654, which provides:

> In all courts of the United States the parties may plead and conduct
> their own cases personally or by counsel as, by the rules of such
> courts, respectively, are permitted to manage and conduct causes

therein.

The portion of the statute granting permission to the parties to "plead and conduct their own cases personally" has been uniformly construed as authorizing individuals who are parties to an action to appear *in propria persona*, but only where they are representing themselves alone, asserting their own personal rights or interests exclusively.  E.g., C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987); McShane v. United States, 366 F.2d 286, 288 (9th Cir. 1966); Russell v. United States, 308 F.2d 78, 79 (9th Cir. 1962); Knoefler v. United Bank of Bismarck, 20 F.3d 347, 348 (8th Cir. 1994).  If an individual purporting to appear *pro se* is not the actual "beneficial owner of the claims being asserted," they are not viewed as a party conducting their "own case personally" within the meaning of Section 1654.  C.E. Pope Equity Trust, 818 F.2d at 697.

This interpretation of Section 1654--that the beneficial owner of the claim being asserted is the only person permitted to appear *in propria persona*--is reflected in holdings barring non-attorneys from representing corporations (e.g., Carr Enterprises, Inc. v. United States, 698 F.2d 952, 953 (8th Cir. 1983)), partnerships (e.g., Eagle Associates v. Bank of Montreal, 926 F.2d 1305, 1308-10 (2d Cir. 1991)), unincorporated associations (e.g., Church of the New Testament v. United States, 783 F.2d 771, 773-74 (9th Cir. 1986) (church)), and, most importantly here, trusts (C.E. Pope Equity Trust, 818 F.2d 697; See also Knoefler, 20 F.3d at 348 ("A nonlawyer, such as these purported 'trustee(s) pro se' has no right to represent another entity, i.e., a trust, in a court of the United States.")).  Such entities are, by their very nature, unable to appear in person and must act through representatives.  Rowland v. California Men's Colony, 506 U.S. 194, 202 (1993) ("28 U.S.C. § 1654 . . . does not allow corporations, partnerships, or associations to

appear in federal court otherwise than through a licensed attorney").

Default judgment is therefore entered against defendant Allen Casselman, as Trustee of Alpha Land Company, based upon the trust's failure to defend. Accordingly it is ADJUDGED and DETERMINED that Allen Casselman, as Trustee of Alpha Land Company, and Alpha Land Company itself have no interest in the subject property of this action ("the Lemon Cove Property"), which is located at 23009 Avenue 320, Lemon Cove, Tulare County, California 93244, and is more particularly described as follows:

> LOTS 8, 9, 10, 11, 13 AND 14 OF LINDCOVE REALTY COMPANY'S SUBDIVISION OF THE BROWN AND LEVINSON RANCH, LYING EAST OF PALM AVENUE, AS PER MAP RECORDED IN BOOK 7 OF MAPS, PAGE 54, TULARE COUNTY RECORDS, BEING SITUATED IN THE NORTHWEST QUARTER OF SECTION 16, TOWNSHIP 18 SOUTH, RANGE 27 EAST, M.D.B.M., IN THE UNINCORPORATED AREA OF THE COUNTY OF TULARE, STATE OF CALIFORNIA, ACCORDING TO THE OFFICIAL PLAT THEREOF.
>
> EXCEPTING THEREFROM THAT PORTION LYING EAST OF THE CENTERLINE OF FOOTHILL DITCH.
>
> TOGETHER WITH THAT PORTION OF THE ABANDONED ROAD LYING ADJACENT TO LOTS 13 AND 14 ON THE WEST AS ABANDONED BY THE TULARE COUNTY BOARD OF SUPERVISORS IN DOCUMENT RECORDED MARCH 15, 1926 IN BOOK 148, PAGE 143 OF OFFICIAL RECORDS.

IT IS FURTHER ADJUDGED AND DETERMINED as to Allen Casselman, as Trustee of Alpha Land Company, and Alpha Land Company, that defendants James and Lorna Marie Little own the Lemon Cove Property as their community property, as alleged in the United States' First Amended Complaint.

IT IS SO ORDERED:


Date:__October 27, 2005__                    _/s/ ROBERT E. COYLE___
                                             ROBERT E. COYLE
                                             UNITED STATES DISTRICT JUDGE