McGREGOR W. SCOTT
United States Attorney

JEFFREY S. SWYERS
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C.  20044-0683
Telephone:  (202) 514-6507

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ) <br> JAMES LITTLE, et al., ) <br> ) <br> Defendant. ) <br> ) <br> ) | CASE NO. CV-F-02-5141  REC/DLB <br><br> **UNITED STATES' OPPOSITION TO MOTION TO VACATE OF DEFENDANTS JAMES AND LORNA LITTLE**. <br><br> February 13, 2006 at 1:30 p.m. <br><br> Robert E. Coyle <br> Senior United States District Judge |

      Plaintiff, the United States of America, opposes the Motion To Vacate filed by Defendants James and Lorna Little (Ct. Dk. No. 133), and requests that said motion be denied in its entirety.

    **1.**    **Defendants Have Not Provided Any Ground To Support Their Motion To Vacate.**

      The Federal Rules of Civil Procedure do not provide for a "motion to vacate," leaving the Court to construe the motion as either filed under Fed. R. Civ. P. 59(e) or 60(b). Sanders v. Clemco Indus., 862 F.2d 161 (8th Cir. 1988).  Fed. R. Civ. P. 59(e) provides that a litigant may move ro alter or amend a judgment, and Fed. R. Civ. P. 60(b) provides that a litigant may move for relief from an order upon a showing of several specified factors such as mistake, inadvertence, excusable neglect, newly discovered evidence, or fraud.  Neither rule provides the

1440572.1

Littles with any relief in this case.

### A.     Rule 59(e)

A motion for reconsideration under Rule 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." McDowell v. Calderon, 197 F.3d 1253 (9th Cir. 1999); 389 Orange St. Partners v. Arnold, 179 F.3d 656, 665 (9th Cir.1999).   Since specific grounds for a motion to amend or alter are not listed in the rule, the district court enjoys considerable discretion in granting or denying the motion. However, reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly. Id. There are four basic grounds upon which a Rule 59(e) motion may be granted. First, the movant may demonstrate that the motion is necessary to correct manifest errors of law or fact upon which the judgment is based. Second, the motion may be granted so that the moving party may present newly discovered or previously unavailable evidence. Third, the motion will be granted if necessary to prevent manifest injustice.  Fourth, a Rule 59(e) motion may be justified by an intervening change in controlling law. Id.          .

Defendants do not allege that there has been a change in the law, nor do they claim that there is newly discovered or previously unavailable evidence.  They merely urge the Court to reconsider arguments that the Court has previously rejected.  There are simply no grounds upon which the Court should revisit these issues.

### B.     Rule 60(b)

Courts grant Rule 60(b) motions only in exceptional circumstances. Alexander v. Bleau (In re Negrete), 183 B.R. 195, 197 (B.A.P. 9th Cir.1995).  Rule 60(b) enumerates five grounds that can support reconsideration: mistake, inadvertence, excusable neglect, newly discovered evidence and fraud. Fed. R. Civ. P. 60(b).  None of the allegations listed by the Littles in their motion fall in to any of these categories.  The Court considered their request for a continuance for additional discovery.  The Court considered their claim that they should be able to depose the record keepers at the IRS who submitted the declarations regarding the current balance of their

liabilities. The other issues (nos. 4-10), the Littles acknowledge at page 3 of their motion (¶ 4) were previously raised. The Court correctly rejected these arguments.

## CONCLUSION

The Motion To Vacate filed by Defendants James and Lorna Little (Ct. Dk. No. 133) should be denied.

Respectfully submitted:

McGREGOR W. SCOTT
United States Attorney

/s/

Dated: January 30, 2006

JEFFREY S. SWYERS
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683, Ben Franklin Station
Washington, D.C. 20044-0683
Telephone: (202) 514-6507
Facsimile: (202) 307-0054

1440572.1

**Certificate of Service**

It is hereby certified that service of the foregoing document has been made this 30th day of January, 2006, by United States mail, postage prepaid, and addressed to:

1. James Little
   General Delivery
   Lemon Cove, CA 93244

2. Lorna Little
   General Delivery
   Lemon Cove, CA 93244

3. Robert E. Asperger
   Deputy Attorney General
   State of California, Franchise Tax Board
   1300 I Street, Suite 125
   P.O. Box 944255
   Sacramento, CA 94244-2550

4. Allen Casselman
   as Trustee of Alpha Land Company
   139 E. Tulare Ave. #333
   Tulare, CA 93724

/s/
JEFFREY S. SWYERS