James & Lorna Little,
GENERAL DELIVERY ,
LEMON COVE,CALIFORNIA [93244]

Defendants in Person in case# : CV-F-02-5141-REC-DLB.

**FILED**

FEB - 8 2006

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
DEPUTY CLERK

ORIGINAL

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE#: CV-F-02-5141-REC-DLB. |
| PLAINTIFF, | REPLY TO OPPOSITION OF PLAINTIFF UNITED STATES OF AMERICA TO MOTION TO VACATE OF DEFENDANTS James & Lorna Little. |
| -VS- | |
| JAMES LITTLE, ET AL, | |
| DEFENDANTS. | **HEARING DATE:2/13/2006;** **TIME: 1:30 P.M.; COURTROOM: 1;** **ROBERT E. COYLE SENIOR DIST. JUDGE.** |

COMES NOW DEFENDANTS James & Lorna Little with their reply to plaintiffs

opposition to defendants motion to vacate partial summary judgment motion as follows:

# I.
## -*INTRODUCTION & BACKGROUND*-

The Plaintiff "*UNITED STATES OF AMERICA*"  [AT  ALL  TIMES  IN

THESE  PROCEEDINGS  A  LEGAL  FICTION  CREATED  BY  " THE

PEOPLE  OF  THE  UNITED  STATES  OF  AMERICA"]  FILED  THIS  CIVIL

ACTION AGAINST James & Lorna Little  TO CONVERT ALLEGED TAX

ASSESSMENTS INTO A JUDGMENT AND TO FORECLOSE ON PROPERTY

ALLEGEDLY OWNED BY James & Lorna Little, PURSUANT TO PROVISIONS IN UNITED STATES CODE, *WHICH ACTION IS LIMITED TO EXPRESS AUTHORIZATION AS REQUIRED UNDER U.S. TITLE 26, SECTIONS 7401 AND 7701, CITED SEVERAL TIMES IN THE PREVIOUSLY FILED PAPERS OF DEFENDANTS James AND Lorna Little.* Since the filing of plaintiffs action, *Defendants have made numerous challenges to the jurisdiction of the plaintiff under the legislative jurisdictional limitations set out under the federal constitution which challenges have been refered to as frivolous, without merit, etc., or as having already been settled as a matter of law, under the U.S. SUPREME COURT CASE OF U.S. VS BUTLER, <u>PREVIOUSLY CITED BY DEFENDANTS, AS NOT BEING A LEGITIMATE RULING UNDER THE DOCTRINE OF STARRE DECISIS ON THE ISSUE OF THE LIMITATION OF FEDERAL TAXING POWER WITHUIN THE STATES BECAUSE THERE WAS NO REASONED DECISION ON THAT ISSUE, ON THE CONTRARY THE HIGH COURT IN BUTLER MERELY STATED THAT THEY WERE NOT GOING TO DISCUSS THAT ISSUE, BECAUSE THEY HAD MADE UP THEIR MINDS AFTER READING THE POPULAR WRITINGS OF THE DAY AND JUSTICE STORIES TREATISE ON THE MATTER.</u>* Defendants have *moved the court based upon several grounds for dismissal of this action against them, Several on Jurisdictional grounds, and also moved the court for a continuance of The plaintiffs motion for summary judgment to allow defendants to complete discovery And requested an order directing evidence to be produced on more than one occasion in this case. Each and every one of defendants requests has fallen on deaf ears, and it appears as though the deck is stacked against these defendants when it comes to fair and equal treatment under the law, and due process of law, opportunity to be*

*heard, and a fair impartial hearing and trial on all the merits of all relevant issues of fact and law  bearing on the determination of liability in this action, and defendants rights to res judicata on those issues, and their "day in court". Plaintiff has subsequently filed a motion for partial summary judgment, which was heard along with defendants motions to dismiss. The court granted plaintiffs partial motion for summary Judgment, and denied defendants motions without ever addressing some of the most substantive and crucial issues raised by defendants, such as the motion for a continuance of the plaintiffs motion for partial summary judgment, and for discovery and disclosure, etc. THE COURTS FAILURE TO EVEN ADDRESS OR RULE ON THE MOTION FOR CONTINUANCE IS A DENIAL OF DUE PROCESS OF LAW, A FAIR IMPARTIAL HEARING ON THE SUMMARY JUDGMENT MOTION AND DENIAL OF A FAIR IMPARTIAL TRIAL, AND DEFENDANTS RIGHTS TO PRESENT MATERIAL EVIDENCE TO THE COURT WHICH WOULD LIKELY RESULT IN A FAVORABLE JUDGMENT IN FAVOR OF DEFENDANTS IN THIS ACTION. DEFENDANTS HAVE FILED A MOTION TO VACATE THE SAID ORDERS AND RULINGS OF THE COURT DENYING THEIR MOTIONS TO DISMISS, AND GRANTING PARTIAL SUMMARY JUDGMENT. PLAINTIFFS HAVE NOW SERVED AND FILED THEIR OPPOSITION TO THE MOTION TO VACATE, AND NOW COMES DEFENDANTS WITH THEIR REPLY TO THE OPPOSITION OF THE PLAINTIFFS. THE OPPOSITION OF PLAINTIFFS IS BASED UPON THEIR TECHNICAL ARGUMENT THAT THEIR IS NO AUTHORITY IN FEDERAL RULES OF CIVIL PROCEDURE FOR A MOTION TO VACATE., RELYING ON RULES 59(e) AND 60 (b) AND CASES CITED IN THEIR MEMORANDUM. HOWEVER IT IS CLEAR THE COURT HAS THE INHERENT*

*AND COMMON LAW POWER TO HEAR AND GRANT THE MOTION TO Vacate its prior orders, rulings if their is any reasonable basis to do so. Lack of jurisdiction is a ground upon which the court may vacate its said prior orders, rulings and judgments, whether it be based on lack of legislative jurisdiction or statutory jurisdiction under title 26 sections 7401 & 7701, or otherwise. Further it is clear that the Court can Vacate its Orders Rulings and Judgments if they were in Violation of Defendants Federal Constitutional Rights to Federal Due Process of Law , including Defendants clear Rights under the law to discovery and disclosure of material Witnesses and evidence which were wrongly denied  defendants though they timely requested them early on in discovery requests, and the denial of which prejudiced their rights to fully litigate their claims and defenses in  the action , which  claims and defenses could have resulted in a different outcome in Defendants favor. Based on the foregoing the court must grant the motion to vacate and allow defendants an opportunity to complete discovery and fully present all the evidence in their defense to the action, and must grant discovery and disclosure to defendants  prior to hearing any motions of plaintiff on summary judgment, and prior to any trial on the merits.*

# I.
## PLAINTIFFS CITATION OF CASE LAW IS MISPLACED AS THEIR HAS BEEN NO FINAL JUDGMENT IN THIS CASE

## A.
## PLAINTIFF MISAPPREHENDS THE COURTS AUTHORITY TO HEAR AND RULE ON DEFENDANTS MOTION

# B.

## THERE ARE AMPLE GROUNDS UPON WHICH THE COURT CAN GRANT DEFENDANTS MOTION

Plaintiffs "opposition " to defendants motion to vacate is *brief and sparse* on *Substance and authority to limit the Court Power and Authority to Hear and Rule upon Defendants Motion to Vacate the Courts prior Orders and Rulings on Plaintiffs Motion for Partial Summary Judgment and Defendants Motions to Dismiss.* However Plaintiff does spare 1-1/2 pages of writing in which to Cite Federal Rules of Civil Procedure Rules 59 & 60 , and the Cases of SANDERS VS CLEMCO INDUS, 862 F. 2d. 161 (8th cir.1988); McDOWELL VS CALDERON, 197 F. 3d 1253 (9th CIR. 1999); ORANGE ST. PARTNERS VS ARNOLD, 179 F. 3d 656, 665 (9TH CIR.1999). FIRST OF ALL THE CASES RELIED ON BY PLAINTIFF ARE DISTINGUISHABLE FROM THE INSTANT CASE, AS THEY ARE NOT ON POINT , AND THUS ARE NOT BINDING PRECEDENT UNDER THE DOCTRINE OF STARRE DECISIS. McDOWELL VS CALDERON, SUPRA, 197 F. 3d 1253 (9th CIR. 1999); IS A CASE WHERE DEFENDANT IN A CRIMINAL CASE HAD BEEN CONVICTED OF MURDER, NOT CLOSE TO THE FACTS HERE. THE MOTION FOR RECONSIDERATION IN THAT CASE WAS REGARDING A PRIOR PETITION FOR HABEAS CORPUS IN A CRIMINAL MURDER PROSECUTION, WHICH CAME FROM A STATE COURT TO FEDERAL COURT, WHICH CONCEARNS DIFFERENT STANDARDS THAN IN THIS CIVIL PROSECUTION IN FEDERAL COURT; FURTHER THE CASE IN McDOWELL WAS ACTUALLY A FINAL JUDGMENT ON THE MERITS, AFTER A TRIAL ON THE MERITS, WHEREAS THIS CASE IS ONE WHERE

1  THERE HAS BEEN NO TRIAL ON THE MERITS, AND NO FINAL

2  JUDGMENT ON THE MERITS, BUT ONLY A "PARTIAL SUMMARY

3  JUDGMENT WHICH TECHNICALLY HAS NOT BECOME A FINAL

4  JUDGMENT YET. THE CASE OF 389 ORANGE STREET PARTNERS VS ARNOLD,

5  179 F. 3d 656 (9TH CIR. 1999); IS A CASE WHERE THERE WAS A FULL

6  SUMMARY JUDGMENT, AND AN APPEAL OF THAT JUDGMENT, AGAIN

7  THOSE CIRCUMSTANCES DO NOT EXIST HERE, WHERE THERE HAS

8  ONLY BEEN A PARTIAL SUMMARY JUDGMENT, AND NO FINAL

9  JUDGMENT. THUS 389 ORANGE STREET PARTNERS IS IRRELEVANT TO

10  THIS CASE, AND RULE 59 DOES NOT APPLY. FURTHER SEE THE SAID

11  RULE 59 IN ITS TOTALITY. IT BECOMES CLEAR AFTER FULLY READING

12  59 a-e THAT RULE 59 APPLIES ONLY TO " NEW TRIALS" AND

13  "AMENDMENT OF JUDGMENTS", WHICH IS NOT APPLICABBLE HERE,

14  WHERE THERE HAS BEEN NO TRIAL ON THE MERITS, AND NO

15  APPLICATION TO AMEND A JUDGMENT AFTER A TRIAL ON THE

16  MERITS. THUS THE CASES *McDOWWEL*L AND *389 ORANGE ST. PARTNERS*,

17  SUPRA,  HAVE NO APPLICATION HERE AND ARE MOOT AND

18  IRRELEVANT FOR THE PURPOSES OF DETERMINING THE MERITS OF

19  DEFENDANTS MOTION.   AGAIN THE CASE OF : SANDERS VS CLEMCO

20  INDUSTRIES, SUPRA, 862 F. 2d 161 (8TH CIR. 1988)  DEALS WITH THE ISSUE

21  OF "*A FINAL AND APPEALABLE JUDGMENT*"---------------------------------------------

22  SEE PAGE 167, UNDER "[3]", NOT THE CIRCUMSTANCES HERE OF A

23  PARTIAL SUMMARY JUDGMENT , *THAT HAS NOT BECOME FINAL OR*

24  *APPEALABLE AS THERE ARE MOTIONS PENDING BEFORE THE COURT*

*STILL, AND THE ISSUE OF FORECLOSURE ON THE PROPERTY IS NOT YET CONCLUDED.* FURTHERMORE IT IS CLEAR THAT UNDER RULE 60, THE COURT HAS WIDE DISCRETION TO RULE ON DEFENDANTS MOTION ON THE MERITS AS THE COURT IS EMPOWERED TO RULE ON ISSUES REGARDING FRAUD, BOTH INTRINSIC OR EXTRINSIC, (AN ALLEGATION WHICH DEFENDANT PREVIOUSLY ALLEGED AGAINST PLAINTIFF IN PAPERS FILED WITH THE COURT) A VOID JUDGMENT, (A JUDGMENT IS VOID WHERE THE COURT WAS WITHOUT JURISDICTION -AN ISSUE IN THIS CASE RAISED BY DEFENDANTS) ANY OTHER REASON JUSTIFYING RELIEF FROM THE OPERATION OF THE JUDGMENT; THIS WOULD OBVIOUSLY INCLUDE DENIAL OF THE RIGHT TO PRESENT WITNESSES AND EVIDENCE TO THE  COURT IN SUPPORT OF MATERIAL DEFENSE SUCH AS NO STATUTORY AUTHORITY TO PROSECUTE, NO VALID ASSESSMENT PERFORMED BY PLAINTIFF; NO LEGISLATIVE JURISDICTION; ETC., DENIAL OF THE RIGHT TO DEPOSE MATERIAL WITNESSES TO SUPPORT A DEFENSE AGAINST THE PLAINTIFF ALL OF WHICH  ARE A DENIAL AND VIOLATION OF FEDERAL DUE PROCESS OF LAW WHICH RENDER THE ORDER OR JUDGMENT VOID OR VOIDABLE, IN EXCESS OF THE COURTS JURISDICTION, AT THE LEAST.

*"FEDERAL RULE OF CIVIL PROCEDURE (60) GOVERNING MOTIONS FOR RELIEF FROM JUDGMENT SEEKS TO BALANCE THE IMPORTANCE OF FINALITY AGAINST DESIRABILITY OF RESOLVING DISPUTES ON THE MERITS." FARM CREDIT BANK OF BALTIMORE VS FERRERA-GOITIA 316 F. 3d 62 (2003).*

It is clear *that where there is not yet a final judgment which disposes of all the issues between the parties there is no final judgment on the merits, as intended by*

1  *the legislature when using the term "final judgment",* then the scales in the above

2  cited balancing test are tipped in favor of resolving the disputes on the merits in

3  this case, *which now requires this court to grant the motion of the defendants to*

4  *vacate the prior order and ruling, and allow defendants to complete discovery and*

5  *disclosure, direct plaintiffs to answer prior discovery requests, or enter an order*

6  *dismissing the action in its entirety.*

7

8  *The Plaintiff has misapprehended the power of the court to hear and rule upon*

9  *motions to vacate in inferring that the court is merely limited to the provisions cited*

10  *by plaintiff under rules 59 and 60, which clearly apply to limited situations, where the*

11  *Case has been disposed of on the merits of all issues between the parties. It is*

12  *abundantly clear that the court has inherent, Common Law, and Equitable Power*

13  *beyond Statute or Rule  where there are no express provisions set out in either statute*

14  *or Rule Regarding the situation and facts before it. See: Inherent Powers Doctrine,*

15  *and Equitable Powers Doctrine . "The Right to Present Evidence is of Course, Essential to*

16  *the Fair Hearing Required by the Due Process Clause" Jenkins vs. Mc Keithen* (1969) 89

17  S.Ct. 1843 at page 1853; *Morgan vs. U.S.,* 305 U.S. at page 18; *Baltimore & Ohio R. Co. vs.*

18  *U.S.* 298 U.S. 349, 368-369; 56 S.Ct. 797, 807; 80 L.Ed 1209 (1936). *"Where the evidence*

19  *respecting a necessary element of proof to obtain summary judgment is in the possession of*

   *the moving party an opportunity for the Discovery of such evidence (or lack of it) should*

20  *ordinarily be granted almost as a matter of course."* See the Court ruling in the case of:

21  *Sams vs. Gable,* 732 F.2d 49 (1984) at page 51, where the Court stated: *"This Court has*

22  *criticized the practice of granting summary judgment motions at a time when pertinent*

23  *Discovery requests remain unanswered by the moving party: we have said where the facts are*

   *in possession of the moving party a continuance of a motion for summary judgment for*

24  *purposes of Discovery should be granted almost as a matter of course."*

25  This court failed to Address the Fact that the Case in which the Plaintiffs

26  relied upon for their Authority that all that they needed to Establish Authority

under *Section §7401 of Title 26* was a letter from some Office in SAN JOSE CALIFORNIA, FROM THE SMALL BUSINESS / SELF EMPLOYED DIVISION COUNSEL AT: 55 Market Street, Suite 505, San Jose, California 95113, *rather than the actual OFFICE OF THE SECRETARY OF TREASURY OF THE UNITED STATES OF AMERICA , which is in WASHINGTON D.C. , THE CASE OF: PALMER VS. INTERNAL REVENUE SERVICE , 116 F. 3d 1309 (9th Cir. 1997), did not Adjudicate the Legal and Factual Issue Raised here in this Case by Defendants: WHETHER OR NOT THE REQUIRED RE-DELEGATIONS OF AUTHORITY MANDATED UNDER TITLE 26, SECTION §7701 (a)(11)(A) & (B), & (a)(12)(i), WERE EVER EXECUTED BY THE PROPER EMPLOYEE OR OFFICER, WHICH THE* DEFENDANTS HEREIN HAD A CLEAR *"DUE PROCESS RIGHT"* TO ESTABLISH THROUGH *DISCOVERY* PROCEEDINGS PRIOR TO THE RULING ON PLAINTIFFS MOTION FOR PARTIAL SUMMARY JUDGMENT, WHICH OPPORTUNITY HAS NOW BEEN CLEARLY DENIED BY THIS COURT, *WHICH, IN TURN, HAS DENIED DEFENDANTS "A FAIR IMPARTIAL HEARING" ON DEFENDANTS MOTION TO DISMISS PLAINTIFFS COMPLAINT,* AND :

A FAIR OPPORTUNITY TO ESTABLISH DEFENDANTS GROUNDS FOR DENIAL OF PLAINTIFFS MOTION FOR PARTIAL SUMMARY JUDGMENT IN THIS CASE, WHICH IS *"PLAIN ERROR"*, REQUIRING THE COURT TO NOW VACATE ITS SAID ORDERS AND GRANT REHEARING, RE-ARGUMENT, RECONSIDERATION, AND THEREAFTER ENTER AN ORDER GRANTING DEFENDANTS REQUEST UNDER *F.R.C.P. RULE 56 (f)* TO COMPLETE *DISCOVERY*, OR DISMISS THE CASE . SINCE THE COURT IN *PALMER*, Supra, 116 F. 3d 1309,1311, (9TH CIR. 1997), RELIED ON BY PLAINTIFF IN THEIR *DISCOVERY RESPONSE TO PRODUCTION REQUEST NUMBER 5* OF DEFENDANTS , AND RELIED ON BY THIS COURT IN ITS RULING TO DENY DEFENDANTS *MOTION TO DISMISS, AT PAGE 7, LINES 6-10 OF SAID ORDER*, NEVER ADDRESSED OR LITIGATED THE LEGAL QUESTION OF *"RE-DELEGATION OF AUTHORITY"* REQUIRED UNDER U.S. CODE *TITLE 26, SECTION §7701 (a)(11) (B)* and *(a) (12)(A)*, IT IS NOT BINDING

AUTHORITY ON THAT LEGAL QUESTION AND ISSUE AND THE RELIANCE BY THE PLAINTIFF AND THE COURT ON SAID CASE TO SETTLE THE ISSUE IS *MISPLACED, AND IN ERROR*. THE SAID RULING BY THE COURT IS THEREFORE NOT *"RES JUDICATA"* ON THE ISSUE BECAUSE THERE IS NO ON POINT CASE LAW CITED BY PLAINTIFF OR THE COURT ADDRESSING THE ISSUE OF RE-DELEGATION OF AUTHORITY REQUIRED UNDER *TITLE 26, SECTION §7701*. THE COURT APPEARS TO BE ARGUING FOR THE PLAINTIFF AT PAGE 7, LINES 18-20, WHERE IT STATES THAT *"FURTHERMORE A UNITED STATES ATTORNEY MAY DELEGATE AN ASSISTANT UNITED STATES ATTORNEY TO COMMENCE SUCH AN ACTION ON HIS BEHALF. 28 U.S.C. 542."* BECAUSE THE PLAINTIFF HAS NEVER MADE ANY CLAIM IN ANSWER TO DEFENDANTS NUMEROUS OBJECTIONS ON THESE ISSUES THAT ANY U.S. ATTORNEY ACTUALLY DID ANY SUCH DELEGATION OF AUTHORITY FOR THIS PROSECUTION, INSTEAD THEY PROVIDED THE LETTERS IN QUESTION, WHICH MAKE NO SUCH CLAIM THAT A U.S. ATTORNEY EVER DELEGATED ANY SUCH AUTHORITY TO ANY DEPUTY U.S. ATTORNEY, THE CASE OF *"PALMER,"* SUPRA, IS NOT ON POINT OR DISPOSITIVE OF THE ISSUES RAISED BY DEFENDANTS REGARDING THE *SECTION §7701* RE-DELEGATION OF AUTHORITY. THE FACT THAT THERE IS ALLEGEDLY NO REQUIREMENT TO PUBLISH THE SAID RE-DELEGATIONS OF AUTHORITY OR DELEGATIONS OF AUTHORITY IN THE *CODE OF FEDERAL REGULATION*, ETC., DOES NOT ESTABLISH THAT DEFENDANTS DID NOT HAVE THE RIGHT TO FULL *DISCOVERY* AND DISCLOSURE OF ANY & ALL DOCUMENTARY EVIDENCE ON THE ISSUE, WHICH MIGHT SHED LIGHT ON WHETHER THE RE-DELEGATIONS OF AUTHORITY AND DELEGATIONS OF AUTHORITY EVER ACTUALLY TOOK PLACE, AND SINCE IT IS A *"JURISDICTIONAL ISSUE"*, DENIAL OF A CONTINUANCE BY THE COURT UNDER *F.R.C.P. RULE 56 (f)* TO COMPLETE SUCH *DISCOVERY* FOR DEFENDANTS OPPOSITION AND DEFENSES TO *PLAINTIFFS MOTION FOR PARTIAL SUMMARY JUDGMENT*, AND TO SUPPORT *DEFENDANTS MOTION TO DISMISS PLAINTIFFS COMPLAINT* IS *"REVERSIBLE PLAIN ERROR,"* WHICH NOW REQUIRES THE COURT TO

*MOTION TO DISMISS PLAINTIFFS COMPLAINT* IS *"REVERSIBLE PLAIN ERROR,"* WHICH NOW REQUIRES THE COURT TO GRANT *DEFENDANTS MOTION TO VACATE THE SAID ORDERS*, AND GRANT *REHEARING, RE-ARGUMENT, RECONSIDERATION*, AND ENTER ANOTHER ORDER EITHER GRANTING FURTHER *DISCOVERY*, BEFORE A RULING ON PARTIAL SUMMARY JUDGMENT OR GRANTING *DEFENDANTS MOTION TO DISMISS PLAINTIFFS COMPLAINT*. The case of *Hughes vs. U.S.* (1992) 953 F.2d 531, (9th Cir.) at page 536 Expressly States: under *"[3]"* that . . . *" . . . District Directors in turn are authorized to Re-Delegate the levy power to lower level officials such as collection officers."* In this case, there was no disclosure by the Plaintiff, U.S.A., which *"Collection Officers"* made *"Assessments"* and *"Levies"*, and there was No Disclosure by Plaintiff, U.S.A. of any Actual *"Re-Delegations"* of Authority by the *"District Director"* Pursuant to *Title 26 Section §7701* Requirements for said *"Re-Delegations"*. This is Precisely why Defendants Requested a *Continuance of Plaintiffs' Motion for Partial Summary Judgment* pursuant to *F.R..C.P. Rule 56(f)*, So that they Could Establish for the Record if the Required *Re-Delegations"* of Authority under *Title 26 Section §7701* ever Occurred, which is a *"Jurisdictional issue"* and Denial of Opportunity for *Discovery* on that Issue is Denial of *Federal Due Process of Law*, and a *Fair Impartial Hearing* on *Plaintiff's Motion for Partial Summary Judgment*, or *Fair, Impartial Trial* on *Plaintiffs' Complaint*. The Court Failed to Consider that the Denial of an Opportunity to Obtain *Discovery* on the 3 Undisclosed Key Witnesses; Pobre, Washington, and Rodriguez whom the Plaintiff Relied on to Prove the Alleged Tax Liability Allegedly Owed by Defendants has Denied Defendants their Right to Obtain any Such Available Evidence which would Rebut the *"presumption of regularity"* Referred to by the Court in its order of 9/23/2005; This is *Reversible Error*, *Plain Error*, and is *Prejudicial* to Defendants' *Federal Due Process Rights*; Contrary to what this Court has stated in its Order, Failure of Plaintiffs to Regularly Disclose the Identity of the Three Witnesses in question who they used to Prove their Case *Was Highly Irregular in Violation* of the *Federal Rules of Civil Procedure*, and in Violation of the Court's *Discovery Order*, all of which, this Court is Arbitrarily Ignoring, and Capriciously Allowing the Denial of Defendants' Rights to Obtain *Discovery*, Depositions, Cross-Examination of the Said Witnesses; *Res Judicata on the Merits of all*

The Said *Irregular Actions of Plaintiffs* in this Case Were *GROUNDS* to Grant *Defendants' Motions to Strike Plaintiffs' Evidence, and Exclude / Preclude the Undisclosed Witnesses from Testifying Via Declaration / Affidavit for Plaintiff*, and at Any Trial; or to Grant *Defendants' Motion for a Continuance of Plaintiffs' Motion for Partial Summary Judgment* to Allow Defendants to obtain *Discovery* on the Undisclosed Witnesses Pobre, Washington, and Rodriguez. Failure to do so was *Plain Error*, *Prejudicial* to Defendants "*Due Process Rights*", and is "*Reversible Error*" because it Denied a FAIR Adversarial Proceeding, which Denied Defendants their Day in Court. This Court must now Vacate its said Orders of 9/23/2005 and Grant *Rehearing*, *Re-Argument*, *Reconsideration*, and Enter Another Order either Granting Defendants' Request to Continue *Plaintiffs' Motion for Partial Summary Judgment* to Allow *Discovery* or GRANT *Defendants' Motion to Dismiss*. A SUMMARY JUDGMENT IS NEITHER A METHOD OF AVOIDING THE NECESSITY FOR PROVING ONE'S CASE NOR A CLEVER PROCEDURAL GAMBIT WHEREBY A CLAIMANT CAN SHIFT TO HIS ADVERSARY HIS BURDEN OF PROOF ON ONE OR MORE ESSENTIAL ELEMENTS OF HIS CASE AND HAS NEGLECTED TO OFFER EVIDENCE SUFFICIENT TO SUPPORT A FINDING ON A MATERIAL ISSUE UPON WHICH HE BEARS THE BURDEN OF PROOF ." U.S. VS DIBBLE, 429 F. 2d 598 (1970) AT PAGE 601." THE SERVICE MAY ASSESS THE TAX ONLY IN CERTAIN CIRCUMSTANCES AND IN CONFORMITY WITH PROPER PROCEDURES." BOTHKE VS FLUOR ENGINEERS AND CONSTRUCTORS INC., 713 F. 2d 1405 (1983). FEDERAL RULES OF EVIDENCE 602 REQUIRES THAT NON EXPERTS TESTIFY ONLY AS TO MATTERS OF WHICH THEY HAVE PERSONAL KNOWLEDGE U.S. VS MEMIRE 720 F . 2d 1327 (1983) AT PAGE 1347. FEDERAL RULES OF EVIDENCE   RULE 602 PROVIDES THAT : A WITNESS MAY NOT TESTIFY TO A MATTER UNLESS EVIDENCE IS INTRODUCED SUFFICIENT TO SUPPORT A FINDING THAT HE HAS PERSONAL KNOWLEDGE OF THE MATTER. THIS RULE IS SUBJECT TO THE PROVISIONS OF RULE 703, RELATING TO OPINION TESTIMONY BY EXPERT WITNESSES." SEE FOOTNOTE AT PAGE 1347 IN U.S. VS LOMIRE 720 F. 2d 13 27 (1983).

THIS COURT MADE A FINDING THAT THE SAID UNDISCLOSED
WITNESSES POBRE, WASHINGTON, AND RODRIGUEZ WERE NOT EXPERT
WITNESSES UNDER THE RULES OF EVIDENCE , AND THEREFORE THEY
WERE REQUIRED TO PROVE THAT THEY HAD PERSONAL KNOWLEDGE
REGARDING THE MATTERS OF WHICH THEY ADDRESSED IN THEIR
DECLARATIONS, AND THUS DEFENDANTS HAD THE RIGHT TO FULLY
CROSS EXAMINE THEM ON THAT MATTER AT TRIAL, BUT SINCE THERE
WAS NO TRIAL, THAN DEFENDANTS HAD THE RIGHT TO CROSS
EXAMINE THEM IN DEPOSITIONS IN PREPARATION OF THEIR
OPPOSITION TO THE SUMMARY JUDGMENT MOTION OF PLAINTIFF. THIS
OPPORTUNITY HAS BEEN CLEARLY DENIED BY THIS COURT IN ITS
FAILURE TO ADDRESS AND GRANT THE F.R.C.P. RULE 56 (f) REQUEST
MADE BY DEFENDANTS IN THEIR WRITTEN OPPOSITION TO THE SAID
MOTION , FOR A CONTINUANCE TO COMPLETE THE SAID DISCOVERY
AND DEPOSITIONS REGARDING THOSE UNDISCLOSED MATERIAL
WITNESSES OF PLAINTIFF, WHO WERE KEY TO PROVING THE
PROSECUTIONS CASE. THERE CAN BE NO DOUBT THIS IS PLAIN ERROR
REQUIRING REVERSAL, WHICH NOW REQUIRES THE COURT TO GRANT
THIS MOTION AND ALLOW , AT THE LEAST DEFENDANTS TO COMPLETE
DISCOVERY AND DEPOSITIONS OF THE SAID WITNESSES.

## *-CONCLUSION-*

IN LIGHT OF ALL THE FOREGOING IT IS CLEAR THAT THERE IS AMPLE

GROUND UPON WHICH THE COURT CAN GRANT THE MOTION OF

DEFENDANT TO VACATE FOR VIOLATION OF AND DENIAL OF

DEFENDANTS FEDERAL CONSTITUTIONAL RIGHTS TO DUE PROCESS OF

LAW, TO CALL WITNESSES, DEPOSE WITNESSES, PRESENT EVIDENCE,

COMPLETE DISCOVERY, PRESENT DEFENSES, AND PROVE THE

JURISDICITIONAL ISSUES AFTER COMPLETEION OF DISCOVERY

1

2  PROCEEDINGS TO OBTAIN THE MISSING WITNESS TESTIMONY AND

3  DOCUMENTARY EVIDENCE WHICH PROVES DEFENDANTS CASE, AS

4  DENIAL OF THIS MOST BASIC OF RIGHTS DENIES DEFENDANTS THEIR

5  DAY IN COURT, AND IS A GROSS INJUSTICE WHICH MUST NOW BE

6  REMEDIED BY THIS COURT.

7

8                    RESPECTFULLY PRESENTED,

9
   DATED: 2/7/2006 ANNO DOMINI.
10

11  /S/ _James Little_               /S/ _Lorna Little._
    James Little, Defendant in #:    Lorna Little, Defendant in #:
12  CV-F-02-5141.                     CV-F-02-5141.

13  ///

14  ///

15  ///

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

## PROOF OF SERVICE

I THE UNDERSIGNED HEREBY DECLARE UNDER PENALTY OF PERJURY

UNDER THE LAWS OF THE UNITED STATES OF AMERICA  THAT I

SERVED THE HERE ATTACHED DOCUMENT  DESCRIBED AS :

REPLY TO PLAINTIFFS OPPOSITION TO DEFENDANTS MOTION TO

VACATE; ON THE PERSONS OR PARTIES NAMED BELOW AT THE

ADDRESSES TO FOLLOW:

PLAINTIFF UNITED STATES OF AMERICA,
C/O: COUNSEL OF RECORD JEFFREY S. SWYERS,
TRIAL ATTORNEY, TAX DIVISION,
U.S. DEPARTMENT OF JUSTICE,
P.O. BOX 683, BEN FRANKLIN STATION,
WASHINGTON D.C., 20044-0683.

 ON THE DAY OF 2/8/2006 ANNO DOMINI. SAID SERVICE WAS  BY FAX TO

THE NUMBER 1-202-307-0054; AND BY U.S. FIRST CLASS MAIL WITH SAID

DOCUMENT INCLOSED IN A  SEALED ENVELOPE ADDRESSED AS SET

FORTH ABOVE, WITH THE POSTAGE FULLY PREPAID BY ME. I AM NOT

A PARTY TO THE WITHIN ACTION I AM A RESIDENT OF THE REPUBLIC

OF CALIFORNIA OVER THE AGE OF EIGHTEEN YEARS. MY ADDRESS IS

GENERAL DELIVERY, FRESNO CALIFORNIA, 93721. EXECUTED BY MY

HAND THIS 8th DAY OF FEBRUARY, 2006 ANNO DOMINI IN THE

REPUBLIC OF CALIFORNIA, COUNTY OF FRESNO, CITY OF FRESNO,

/S/ *Artemaous Sanguizzi*
ARTEMAOUS SANGUIZZI.

///

///