1

2

3

4

5

6              IN THE UNITED STATES DISTRICT COURT FOR THE

7                     EASTERN DISTRICT OF CALIFORNIA

8

9   UNITED STATES OF AMERICA,      )      No. CV-F-02-5141 REC/DLB
                                    )
10                                  )      ORDER DENYING DEFENDANTS'
                                    )      MOTION TO VACATE (Doc. 133)
11                Plaintiff,        )      AND SCHEDULING FURTHER
                                    )      STATUS CONFERENCE FOR
12        vs.                       )      MONDAY, SEPTEMBER 11, 2006
                                    )      AT 10:00 A.M. IN COURTROOM 9
13                                  )
    JAMES LITTLE, et al.,           )
14                                  )
                                    )
15                Defendant.        )
                                    )
16  _____)

17      On September 23, 2005, the "Order Denying Defendants James

18  and Lorna Little's Motion to Dismiss (Docs. 102, 103, 104, 105,

19  106 & 116)" and the "Order Granting Plaintiff's Motion for

20  Partial Summary Judgment (Doc. 100)" were filed.  (Docs. 129 &

21  130).

22      Defendants James and Lorna Little, then proceeding in pro

23  per, filed a "NOTICE OF AND: WRITTEN OBJECTIONS TO & MOTION TO

24  VACATE THE 9/23/2005 ORDERS OF JUDGE ROBERT E. COYLE, FOR

25  RECONSIDERATION, REARGUMENT, ENTRY OF ANOTHER ORDER GRANTING

26  DEFENDANTS F.R.C.P. RULE 56(f) REQUEST FOR CONTINUANCE OF THE

                                   1

1   PLAINTIFFS' [sic] MOTION FOR PARTIAL SUMMARY JUDGMENT TO COMPLETE

2   *DISCOVERY* OR GRANTING THE DEFENDANTS' MOTION TO DISMISS"

3   (hereinafter referred to as the Motion to Vacate). (Doc. 133).

4   At the hearing scheduled for these motions on February 13, 2006,

5   attorney James R. Butterworth was substituted as counsel for the

6   Littles.  (Doc. 145).  Mr. Butterworth and counsel for the United

7   States orally stipulated that the hearing on these motions be

8   continued to May 8, 2006, that Mr. Butterworth would file

9   additional briefing by April 3, 2006, and that the United States

10  would file additional opposition by April 24, 2006.  The minute

11  order ordered the parties to submit a stipulation and order with

12  these new dates.  No such stipulation was filed and no additional

13  briefing was filed by Mr. Butterworth on behalf of the Littles.

14  This action was assigned from the docket of Judge Coyle to the

15  docket of Judge Wanger by Order filed on June 2, 2006.  (Doc.

16  147).  On July 11, 2006, the parties were ordered to file a joint

17  status report within 20 days.  On July 31, 2006, the United

18  States filed a status report in which the United States

19  represents that "[a]lthough repeated efforts were made to obtain

20  the participation of the sole remaining active counsel, James

21  Butterworth, representing James and Lorna Little, he has left his

22  former firm with no forwarding address, and has not responded to

23  telephone messages."  (Doc. 151).  No status report has been

24  filed by or on behalf of the Littles in compliance with the July

25

26

2

31, 2006 Order.[1]

Based on review of the Littles' motions, the United States' oppositions, and applicable law, these motions are suitable for decision without oral argument.  *See* Rule 78-230(h), Local Rules of Practice.

In opposing the Motion to Vacate, the United States contends there is no such motion as a motion to vacate and that resolution of this motion is governed by the standards governing motions filed pursuant to Rules 59(e) and 60(b), Federal Rules of Civil Procedure.[2]

---

[1]A check of the State Bar of California's website indicates that the address of Mr. Butterworth's law practice in Visalia, California has not been changed from the address filed in this action when Mr. Butterworth substituted as counsel for the Littles.

[2]Rule 59(e), Federal Rules of Civil Procedure, provides that "[a]ny motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment."

Rule 60(b), Federal Rules of Civil Procedure, provides in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party ... from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated as intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

3

Neither Rule 59(e) or Rule 60(b) apply to defendants' motion because no judgment has been entered in favor of the United States.  As explained in Wright, Miller & Kane, 11 *Federal Practice and Procedure*, § 2852, p. 233 (1995):

> Rule 60(b) ... applies only to 'a final judgment, order, or proceeding.'  Thus, the power of a court to modify an interlocutory judgment or order at any time prior to final judgment remains unchanged and is not limited by the provisions of Rule 60(b).

Defendants' motion is construed to be a motion for reconsideration.  Rule 78-230(k), Local Rules of Practice, governs motions for reconsideration of non-final orders.  Rule 78-230(k) provides:

> Whenever any motion has been granted or denied in whole or in part, and a subsequent motion for reconsideration is made upon the same or any alleged different set of facts, it shall be the duty of counsel to present to the Judge ... to whom subsequent motion is made an affidavit, or brief, as appropriate, setting forth each motion for which reconsideration is sought, including:
>
> 1) when and to what Judge ... the prior motion was made;
>
> 2) what ruling, decision or order was made thereon;
>
> 3) what new or different facts or circumstances are claimed to exist or were not shown upon such prior motion, or what other grounds exist for the motion; and
>
> 4) why the facts or circumstances were not shown at the time of the prior motion.

Though motions to reconsider are generally disfavored, a motion to reconsider is appropriate if the court committed clear error

4

or the initial decision was manifestly unjust. *School District No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). A party seeking reconsideration must set forth facts or law of a strongly convincing nature to induce a court to reverse its prior decision. *Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F.Supp. 656, 665 (E.D.Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1997). Motions for reconsideration, however, are not the place for parties to make new arguments not raised in their original briefs. *See Christie v. Iopa*, 176 F.3d 1231, 1239 no. 5 (9th Cir. 1999); *Northwest Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925-926 (9th Cir. 1988).

**A.   MOTION TO VACATE DIRECTED TO ORDER DENYING MOTION TO DISMISS.**

Defendants pose three objections to the Order denying their motion to dismiss.

Their first objection is that defendants were denied due process and access to the court when Judge Coyle refused to allow Mrs. Little to read into the record at oral argument an 18-page **"STATEMENT FOR THE COURT"**.

When Mrs. Little started to read from the Statement, Judge Coyle stopped her and told her to file the Statement, advising that Judge Coyle would consider the positions taken therein in resolving the motions before the court. The Statement was filed by the court on August 29, 2005 (Doc. 124) and was reviewed before issuing the Order denying the motion to dismiss. To the

1  extent defendants contend they were denied due process and access

2  to the court because they were not allowed to read a document

3  into the record during oral argument but, rather, were required

4  to file it, defendants' position is without merit.

5      Defendants further contend that the court failed to consider

6  matters set forth in the Statement because the court failed to

7  rule on their contention that the Supreme Court's decision in

8  *United States v. Butler*, 297 U.S. 1 (1936) is an "unsubstantiated

9  Ruling and is invalid under the *Stare Decisis* Doctrine because it

10 did not overrule the previous United States Supreme Court

11 Rulings" cited in defendants' memorandum in support of their

12 "Motion to Compel Answers to Discovery Requests and Production of

13 Documents or To Dismiss" (Docs. 65-68), which motion was denied

14 by Order filed on April 12, 2004 (Doc. 78).

15     This objection also is without merit.  In the Order denying

16 their motion to dismiss, Judge Coyle expressly stated:

17 "Defendants' arguments that the Supreme Court in Butler wrongly

18 decided the law is not a position upon which this court can rely

19 because this court is bound by Supreme Court authority."  That

20 Judge Coyle did not address defendants' arguments in detail does

21 not require vacation of the Order denying the motion to dismiss

22 or reconsidering the motion to dismiss.   Any objection

23 defendants have to the ruling conclusion is one for appeal.

24     Defendants further object to the conclusion in the Order

25 denying their motion to dismiss that this action was validly

26 commenced pursuant to 26 U.S.C. § 7401 and that the United States

6

1  District Court for the Eastern District of California has

2  jurisdiction.  In these objections, defendants complain that the

3  evidence relied upon in denying this aspect of their motion to

4  dismiss did not suffice to withstand dismissal for lack of

5  jurisdiction.  Defendants further complain that, because their

6  contention in opposition to the motion for partial summary

7  judgment that the motion for partial summary judgment should be

8  continued pursuant to Rule 56(f), Federal Rules of Civil

9  Procedure, was not addressed, their right to due process has been

10 denied.

11     In the Order denying the motion to dismiss, Judge Coyle

12 ruled in pertinent part as follows:

13         Section 7401 provides that "[n]o civil action
           for the collection or recovery of taxes, or

14         of any fine, penalty, or forfeiture, shall be
           commenced unless the Secretary authorizes or

15         sanctions the proceedings and the Attorney
           General or his delegate directs that the

16         action be commenced."

17         The Littles' contention that this action has
           not been authorized as required by Section

18         7401 is belied by the exhibits submitted by
           the Littles in support of the "Amendment".

19         Attached as an exhibit to the "Amendment" is
           a copy of a letter dated August 17, 2001 from

20         the Office of Chief Counsel, Internal Revenue
           Service, to Assistant Attorney General

21         O'Connor of the Tax Division of the
           Department of Justice authorizing the

22         Department of Justice to commence a suit to
           reduce the tax assessments to judgment and to

23         foreclose on tax liens on real property
           located at 23009 Avenue 230, Lemon Cove,

24         California.  Also attached as an exhibit to
           the "Amendment" is a copy a letter dated

25         January 31, 2002 from the Chief, Civil Trial
           Section, Western Region, of the Tax Division

26         of the Department of Justice to United States

7

1    Attorney John K. Vincent authorizing the
     filing of this action.  Although portions of
2    these letters are redacted, the two letters,
     taken together, show that the United States
3    has complied with Section 7401.

4    The Littles nonetheless argue that these two
     letters, produced to the Littles in
5    discovery, "do not prove under the rules of
     evidence that the plaintiff has fully
6    complied with ... Section 7401 [underling and
     capitalization omitted]."  The Littles
7    assert:

8           Though there is a letter with
            letterhead stating Department of
9           the Treasury Internal Revenue
            Service, Office of the Chief
10          Counsel, Small Business/Self-
            Employment Division Counsel, it
11          bares an address from San Jose,
            California, not from the actual
12          office of the Chief Counsel, which
            is in Washington, D.C., and it is
13          signed by two attorneys, who are
            not identified as employees,
14          officers or even employees of the
            Treasury Department of the United
15          States of America, which does not
            comply with the express requirement
16          that the action be authorized by
            the Secretary of the Treasury or a
17          delegate of the Secretary of
            Treasury, nor is there any
18          documentation of any actual written
            request from the Attorney General
19          or his delegate ... Although there
            is a heresay [sic] letter by
20          Assistant Attorney General Eileen
            J. O'Connor, signed by Jerome H.
21          Fridkin, Chief Civil Trial Section,
            Western Region, that letter is from
22          the Department of Justice Tax
            Division, not the Attorney General,
23          and there is no evidence produced
            that shows or establishes the
24          person who signed the document is
            actually a delegate of the Attorney
25          General of the United States of
            America.

26

                        8

1    The Littles contend that the exhibits
     attached to the "Amendment"  "violate the
2    best evidence rule, as they are heresay [sic]
     documents" and further argue:

3
             there is no authentication,
4            affidavit, or certification of
             authenticity, no foundation to
5            establish that the persons
             plaintiff is purporting to have
6            signed the letters in question are
             actually 'officers, employees, or
7            agencies of the Treasury Department
             duly authorized by the Secretary of
8            the Treasury directly, or
             indirectly by one or more
9            redelegations of authority to
             perform the function mentioned or
10           described in the context' of
             Section 7401 of U.S. Code ... as is
11           expressly required under federal
             law under ... Section 7701.

12
     There is a presumption of regularity that
13   attaches to the actions of public officials.
     See Palmer v. I.R.S., 116 F.3d 1309, 1311
14   (9th Cir. 1997).  The Littles have presented
     nothing to this court from which it may be
15   inferred that this presumption of regularity
     does not apply.  There is no requirement that
16   delegation orders be published, United States
     v. Holm, 2001 WL 669279 (9th Cir. 2001).
17   Pursuant to 26 U.S.C. § 7701(a)(11)(B) and
     (a)(12)(A), the term "Secretary" shall
18   include "the Secretary of the Treasury of his
     delegate" and the term "delegate" includes
19   "any officer, employee, or agency of the
     Treasury Department".  A United States
20   Attorney is authorized to commence an action
     to convert an IRS assessment into judgment.
21   28 U.S.C. § 547(2).  Furthermore, a United
     States Attorney may delegate an assistant
22   United States attorney to commence such an
     action on his behalf.  28 U.S.C. § 542.
23   Consequently, the court concludes from the
     record that this action was validly commenced
24   pursuant to Section 7401 and that this court
     has jurisdiction.

25
     Judge Coyle further noted in footnote one:
26

9

1          Furthermore, both the Complaint and the First
           Amended Complaint allege: "In accordance with
2          26 U.S.C. §§ 7401 and 7403, this action is
           commenced at the request and with the
3          authorization of the Chief Counsel of the
           Internal Revenue Service, a delegate of the
4          Secretary of the Treasury, and at the
           direction of the Attorney General of the
5          United States."

6          Defendants argue that the court failed to address the

7   sufficiency of the evidence submitted by the United States in

8   discovery in response to defendants' Request for Production of

9   Records & Documents, Set No. 5, dated November 11, 2004,

10  concerning evidence of compliance with Section 7401.  Defendants

11  contend that "[t]his court failed to Address the Fact that the

12  Case in which the Plaintiffs relied upon for their Authority that

13  all that they needed to Establish Authority under Section 7401

14  ... was a letter from some Office in SAN JOSE, CALIFORNIA, FROM

15  THE SMALL BUSINESS/SELF EMPLOYED DIVISION COUNSEL AT: 55 Market

16  Street, Suite 505, San Jose, California 95113, rather than the

17  actual OFFICE OF THE SECRETARY OF THE TREASURY, which is in

18  Washington, D.C." [Underlining and italics omitted].  Defendants

19  complain that *Palmer v. I.R.S.*, 116 F.3d 1309 (9th Cir. 1997)

20  "did not Adjudicate the Legal and Factual Issue Raised her in

21  this Case by Defendants: WHETHER OR NOT THE REQUIRED

22  REDELEGATIONS OF AUTHORITY MANDATED UNDER TITLE 26, §

23  7701(a)(11)(A) & (B), & (a)(12)(i), WERE EVER EXECUTED BY THE

24  PROPER EMPLOYEE OR OFFICER, WHICH THE DEFENDANTS HEREIN HAD A

25  CLEAR 'DUE PROCESS RIGHT' TO ESTABLISH THROUGH DISCOVERY

26  PROCEEDINGS PRIOR TO THE RULING ON PLAINTIFFS MOTION FOR PARTIAL

10

1  SUMMARY JUDGMENT ...."

2      All of the discovery requests attached as exhibits to the

3  Amendment to the motion to dismiss, (Doc. 116), have been

4  reviewed.  None of these discovery requests seek production of

5  redelegations of authority under 26 U.S.C. § 7701.  Furthermore,

6  defendants did not move to compel production of such discovery

7  within the time limits set forth in the Scheduling Order filed on

8  October 15, 2004.  Pursuant to that Scheduling Order, nonexpert

9  discovery closed on January 28, 2005 and the time to file

10 nondispositive motions expired on February 18, 2005.

11 Finally, defendants are essentially rearguing Judge Coyle's

12 resolution of this issue, contending that Judge Coyle's

13 conclusion is wrong.  Defendants must raise these arguments on

14 appeal.

15     Furthermore, defendants are contending that, because the

16 United States did not respond to their requests for production,

17 sets nos. 6 and 7, they are entitled to vacation of the Order

18 denying the motion to dismiss.  Defendants refer to their request

19 for continuance of the motion for partial summary judgment

20 pursuant to Rule 56(f), Federal Rules of Civil Procedure.  *See*

21 *discussion infra*.

22     However, the Request for Production of Records & Documents,

23 Set No. 6 is dated February 16, 2005.  The Request for Production

24 of Records & Documents, Set No. 7 is dated March 27, 2005.

25 Pursuant to the Scheduling Order filed on October 15, 2004,

26 nonexpert discovery closed on January 28, 2005.  Therefore, these

11

1   discovery requests were not timely made.  The filing date for

2   nondispositive motions was February 18, 2005.  The motion for

3   partial summary judgment was filed on March 8, 2005.  Defendants

4   did not file a motion to compel the discovery at issue prior to

5   the filing of the motion for partial summary judgment and, even

6   then, their contention that they are entitled to the requested

7   discovery was made in the course of opposing the motion for

8   partial summary judgment.  Finally, defendants' Request for

9   Production of Records & Documents, Sets Nos. 6 and 7, do not

10  specifically request any documentation pertaining to either

11  Section 7701 or 7401.

12      Defendants object to the court's conclusion in the Order

13  denying the motion to dismiss that defendants "have presented

14  nothing to this Court from which it may be inferred that this

15  presumption of regularity does not apply."  Defendants contend:

16          [T]he Court Fails to Consider that the Denial
            of an Opportunity to Obtain Discovery on the
17          3 Undisclosed Key Witnesses: Pobre,
            Washington, and Rodriguez whom the Plaintiff
18          Relied on to Prove the Alleged Tax Liability
            Allegedly Owed by Defendants has Denied
19          Defendants their Right to Obtain any Such
            Available Evidence which would Rebut the
20          'presumption of regularity ....'" [Underlining
            and italics omitted]

21

22      Again, however, defendants did not file a motion to compel

    this discovery within the time limits set forth in the Scheduling
23
    Order.  Furthermore, it is not clear when these discovery
24
    requests were made by defendants, i.e., before or after the time
25
    discovery closed.  Finally, Alan Pobre is the IRS Technical
26

                                    12

1   Services Advisor who filed a declaration in support of the motion

2   for partial summary judgment who averred the outstanding balances

3   of defendants' respective tax liabilities  shown on the IRS

4   computer records.  E.M. Washington is the Chief,

5   Accounting/Control Services Operations, Internal Revenue Service,

6   who executed the "Certificate of Official Record" dated November

7   22, 2004, attached to the Forms 4030, Certificates of Assessment

8   submitted in support of the motion for partial summary judgment.

9   However, Judge Coyle discussed the admissibility of the evidence

10  submitted by these witnesses and rejected defendants' arguments

11  concerning it.  Therefore, defendants' must look to an appeal of

12  Judge Coyle's rulrulings, express or implied.

13      **B.   Motion to Vacate Directed to Order Granting Motion for**

14  **Partial Summary Judgment**.

15      Defendants move for reconsideration of the Order granting

16  the motion for partial summary judgment on various grounds.

17      First, defendants object to the finding as undisputed fact

18  that

19          James and Lorna Little have been married
            since at least 1981.  The Littles filed joint
20          federal income tax returns (Forms 1040) for
            the years 1989 and 1990.
21

22      The Littles contend that they are entitled to

    reconsideration of this finding of undisputed fact because:
23
            Defendants have Rebutted the Plaintiffs'
24          claim that they are married under the Laws of
            the State of California, and have stated it
25          is a Common Law Marriage, and there is no
            State of California Statutory Marriage, and
26          that the State of California Community

                                    13

1   Property Laws do NOT apply; which is in the
    Answers to Plaintiffs' Requests for
2   Admissions, provided by Defendants, and which
    Answers were actually filed by the Plaintiffs
3   as an 'EXHIBIT' to their Motion for Partial
    Summary Judgment; and Defendants clearly
4   stated in their concise Statement of Disputed
    Facts, at page 47, lines 12-22 that Community
5   Property Laws do NOT apply in this case, and
    referred to Plaintiffs' Exhibit SUF, DK # 36,
6   attached EX XPP 380 & 381 stating that: 'It
    is only a Common Law Marriage not recognized
7   by the State of California, thus the
    Community Property Laws do not apply' ....
8   [Underlining and italics omitted]

9       In defendants' joint declaration in opposition to the motion

10  for partial summary judgment defendants affirm "[w]e have been

11  married since at least 1981". Doc. 112. In addition, the Forms

12  1040 filed by James Little for the taxable years 1989 and 1990

13  are marked "married filing joint return". However, both

14  defendants denied the United States' request for admission no. 11

15  that "James and Lorna Little are married and have been since at

16  least 1981", both defendants asserting that "# 11 is admitted

17  with the following qualification; THE MARRIAGE WAS THROUGH THE

18  CHURCH OF KAWEAH BY COMMON LAW." Defendants contend that the

19  United States has provided no evidence negating the contention

20  that their marriage was by common law. Defendants assert:

21      The fact they may have been married in the
        past in 1989-1990 does not prove that is the
22      case at present or since the said filings of
        1989-1990. The court's failure to credit
23      Defendants answers to plaintiffs admission
        requests that the marriage is now and has
24      long been a common law marriage since they
        rescinded their California state statutory
25      marriage license ... requires the court to
        vacate its order .... [Underlining and
26      capitalization omitted].

14

1    While defendants are correct that common law marriages have

2  been abolished in California, *see* Witkin, 11 *Summary of*

3  *California Law*, Husband and Wife, § 37 (1990), and that,

4  therefore, there is no community property in such a marriage,

5  defendants have presented no documentary evidence establishing

6  that they rescinded their "California state statutory marriage

7  license", when it was rescinded or how it was rescinded.

8  Furthermore, the fact that the alleged common law marriage was

9  solemnized in a church and that defendants held themselves out to

10 be married may raise a presumption of a valid marriage, which

11 presumption has not been rebutted by any evidence submitted by

12 defendants.  See Witkin, *id.*, §§ 41-42, 45, 50-51.  Consequently,

13 defendants' motion on this ground is DENIED because of the

14 absence of any credible evidence establishing the alleged common

15 law marriage.

16    Defendants argue that the record raises a genuine issue of

17 material fact concerning the correctness of Judge Coyle's

18 conclusion in the Order granting partial summary judgment that

19 "the forms 886-A submitted by the United States as Exhibit L

20 establish that Lorna Little is assessed James Little's income

21 from Montgomery Ward has [sic] community property."

22    Defendants further object to the following statement of

23 undisputed fact set forth in the Order:

24            On October 20, 1994, the IRS sent James and
             Lorna Little separate notices of deficiency
25            for the years 1991 through 1993, notifying
             them of the IRS's determination that the
26            Littles owed additional taxes, interest and

1
2
                    statutory additions, and that they had ninety
days to petition the United States Tax Court
to redetermine the deficiencies.

3     Defendants contend that they are entitled to reconsideration

4 of this statement of undisputed fact.  Defendants refer the court

5 to Exhibit 2 to their motion to vacate, which exhibit is a copy

6 of a document dated May 20, 2003 and addressed "To Whom it may

7 concern" and states:

8
9
10
11
                    This is a letter regarding a telephone
conversation with Allen David.  He requested
information concerning the Lemon Cove Post
Office.  In 1992 construction of the new
Lemon Cove Post Office was completed.  At
this time all the P.O. Boxes from the old
site were dismantled and all P.O. Box
customers were issued new numbers.

12
13
14
                    Any customers who currently receive mail at
any of the old P.O. Box numbers will have
their mail returned because the numbers no
longer exist.

15
16
                    I hope this answers your questions regarding
this issue.

17 Exhibit 2 is signed by Janet King, Postmaster, Lemon Cove,

18 California.  Defendants contend that the notices of deficiency

19 were sent to them at P.O. Box 239, Lemon Cove, California "which

20 establishes there were no notices of deficiencies or tax liens

21 timely received by these defendants which renders the alleged

22 deficiency assessments against both defendants void under Federal

23 case law rulings and Federal statutes."

24     All of the voluminous pleadings filed by defendants in

25 opposition to the motion for partial summary judgment have been

26 reviewed.  Postmaster King's letter was not submitted by

16

1   defendants, nor do they contend that the notices of deficiency

2   were invalid because they were sent to defunct post office box,

3   nor did defendants argue that the notices of deficiency were

4   invalid for this reason.  In defendants "Reproduction of

5   Plaintiffs' Itemized Facts in Plaintiff's Statement of Undisputed

6   Facts; Amendment to Defendants Rebuttal of Plaintiffs Statement

7   of Undisputed Facts in Their Motion for Partial Summary Judgment

8   Defendants Concise Statement of Disputed Facts" (Doc. 122),

9   defendants' rebuttal of the fact at issue is as follows:

10              The alleged Notices of Deficiency are not the
                Equivalent of the Actual Title 26, Section
11              6020(b) Returns, or the Forms 1099's which
                the Alleged Assessments are Supposed to be
12              Based Upon, and in the absence of those
                Actual Documents Notices of Deficiency are
13              Insufficient to Prove an Actual Assessment
                for the Alleged Taxes was ever carried out by
14              Plaintiff, and the Courts have Ruled that
                without an Assessment there can be no
15              Liability for the Tax.  Until Assessment
                under 26, 6020(b) are shown by the Plaintiff
16              all other Facts and Issues are Irrelevant to
                prove Assessment, and no Liability is
17              Established by Plaintiff, & THE Alleged
                Notices of Deficiency are also irrelevant.

18
    Furthermore, according to Exhibits E and F attached to the United
19
    States' Statement of Undisputed Facts filed on December 30, 2002,
20
    the Notices of Deficiency were also mailed to each defendant at
21
    P.O. Box 44288, Lemon Cove, California.  Exhibit H to the United
22
    States' Statement of Undisputed Facts filed on December 30, 2002,
23
    establishes that each defendant received the respective Notice of
24
    Deficiency on October 24, 1994, because each defendant signed the
25
    return receipt on that date.
26

                                    17

1    Defendants belated effort to withstand partial summary

2 judgment on this ground is without merit.  A notice of deficiency

3 is valid if it is mailed to the taxpayer's last known address,

4 even if it is not received by the taxpayer.  26 U.S.C. § 6212(a);

5 Williams v. Commissioner, 935 F.3d 1066, 1067 (9th Cir. 1991).  A

6 taxpayer's last known address is that on his or her most recent

7 return, unless the taxpayer communicates to the IRS clear and

8 concise notice of a change of address.  Id.  Furthermore, a

9 notice of deficiency is valid if it is actually received in

10 sufficient time for the taxpayer to file a timely petition in tax

11 court, regardless of the address to which it was sent.  King v.

12 Commissioner, 857 F.2d 676, 679 n.4 (9th Cir. 1988).  Therefore,

13 defendants are not entitled to reconsideration on this ground.

14    Defendants further move to vacate the Order granting partial

15 summary judgment on the ground that Judge Coyle id not address

16 and should have granted defendants' request for a continuance of

17 the motion pursuant to Rule 56(f), Federal Rules of Civil

18 Procedure.

19    Rule 56(f) provides in pertinent part:

20         Should it appear from the affidavits of a
           party opposing the motion that the party
21         cannot for reasons stated present by
           affidavit facts essential to justify the
22         party's opposition, the court may refuse the
           application for judgment or may order a
23         continuance to permit affidavits to be
           obtained or depositions to be taken or
24         discovery to be had or may make such other
           order as is just.

25
As explained in *Harris v. Duty Free Shoppers Limited Partnership*,
26

18

1   940 F.2d 1272, 1276 (9th Cir. 1991):

2           Ordinarily, summary judgment should not be
3           granted when there are relevant facts
            remaining to be discovered, but the party
            seeking discovery bears the burden of showing
4           what specific facts it hopes to discover that
            will raise an issue of material fact.

5   Defendants made no such showing.  Defendants are complaining that

6   the United States did not respond to their Requests for

7   Production of Documents & Records, Sets Nos. 6 and 7.  However,

8   as discussed *supra*, these requests for production were made after

9   discovery had closed pursuant to the Scheduling Order and

10  defendants did not move to amend the Scheduling Order or to

11  compel this discovery prior to filing their opposition to the

12  Motion for Partial Discovery.  Defendants also complain that they

13  were not allowed to depose United States' witnesses E.M.

14  Washington, Alan Pobre, Martha Rodriguez.  Defendants have not

15  demonstrated the specific facts that this discovery would reveal

16  sufficient to raise a genuine issue of material fact.  Their

17  positions are conclusory and speculative.

18      The balance of defendants' motion to vacate consists of

19  arguments that Judge Coyle's conclusions set forth in the Order

20  are wrongly decided and constitutes a rehash of defendants'

21  various positions discussed in the Order.  Defendants present no

22  basis for reconsideration and must present their disagreement

23  with the rulings to the Ninth Circuit on appeal.

24      ACCORDINGLY, as set forth above:

25      1.  Defendants James and Lorna Little's motion to vacate On

26

1  "Order Denying Defendants James and Lorna Little's Motion to

2  Dismiss (Docs. 102, 103, 104, 105, 106 & 116)" and the "Order

3  Granting Plaintiff's Motion for Partial Summary Judgment (Doc.

4  100)" is DENIED.

5       2.  The parties are ordered to appear for further status

6  conference before Magistrate Judge Beck on Monday, September 11,

7  2006 at 10:00 a.m. in Courtroom 9.  The parties are ordered to

8  file a joint status report no later than Tuesday, September 5,

9  2006.

10 IT IS SO ORDERED.

11 **Dated:   August 17, 2006**              _____/s/ Oliver W. Wanger_____
   emm0d6                           UNITED STATES DISTRICT JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26