IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CV-F-02-5141- LJO- DLB |
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |
| vs. | |
| JAMES LITTLE, et al, | |
| Defendants. | |
| _____ / | |

### I. INTRODUCTION

The United States brought this claim to reduce tax assessments to judgment against James and Lorna Little ("the Littles") and to foreclose on their 33-acre olive and orange ranch. This Court previously granted partial summary judgment in favor of the United States, assessing the amounts against the Littles. The United States now seeks default judgment against persons who have yet to appear in this action and a determination that no defendant has an interest in the subject property senior to those of the United States and the California Franchise Tax Board, wherefore the subject property should be sold to enforce the tax liens. In response, the Littles ask the Court to vacate the partial summary judgement, advancing several new theories. For the reasons described herein, the United States' Motion for Summary Judgement is GRANTED.

////

////

## II. BACKGROUND

James and Lorna Little currently own, as their community property, the subject property of this action, the Lemon Cove Property.[1] The Lemon Cove Property is located at 23009 Avenue 320, Lemon Cove, Tulare County, California 93244. This property is particularly described as follows:

> LOTS 8, 9, 10, 11, 13 AND 14 OF LINDCOVE REALTY COMPANY'S SUBDIVISION OF THE BROWN AND LEVINSON RANCH, LYING EAST OF PALM AVENUE, AS PER MAP RECORDED IN BOOK 7 OF MAPS, PAGE 54, TULARE COUNTY RECORDS, BEING SITUATED IN THE NORTHWEST QUARTER OF SECTION 16, TOWNSHIP 18 SOUTH, RANGE 27 EAST, M.D.B.M., IN THE UNINCORPORATED AREA OF THE COUNTY OF TULARE, STATE OF CALIFORNIA, ACCORDING TO THE OFFICIAL PLAT THEREOF.
>
> EXCEPTING THEREFROM THAT PORTION LYING EAST OF THE CENTERLINE OF FOOTHILL DITCH.
>
> TOGETHER WITH THAT PORTION OF THE ABANDONED ROAD LYING ADJACENT TO LOTS 13 AND 14 ON THE WEST AS ABANDONED BY THE TULARE COUNTY BOARD OF SUPERVISORS IN DOCUMENT RECORDED MARCH 15, 1926 IN BOOK 148, PAGE 143 OF OFFICIAL RECORDS. (EX.1).[2]

By grant deed dated December 6, 1982, James and Lorna Little acquired the Lemon Cove Property as their community property from R. Nelson Cairns, Executor of the Estate of Nadine Moffet Cairns. (Ex. 1). On the same day, the Littles executed a promissory note ("Promissory Note") for the benefit of R. Nelson Cairns, in the original sum of $425,000. The Promissory Note was secured by a deed of trust ("Cairns trust deed") dated December 6, 1982, against the Lemon Cove Property. By decree of the California Superior Court, Tulare County, recorded on September 11, 1985, in Volume 4340, at Page 463 of Official Records of the Tulare County, the interest in the Promissory note was distributed to the beneficiaries as follows: 1) R. Nelson Cairns–an undivided one-half (½) interest; 2) Richard N. Cairns, Jr.–an undivided one-eighth (1/8) interest; and Thomas M. Cairns–an undivided three-eighths (3/8) interest. (Ex. 1).

---

[1] Throughout these proceedings, the Littles have disputed all relevant facts, including a denial that they are married in a "California Statutory Way," that they own the land, that they worked at the alleged jobs, etc. Because they were unable to contravene the supporting evidence by the United States of these facts, as well as fail to prove their own facts, this Court presents a statement of facts consistent with the various prior rulings in this case. For a fuller statement of facts the court concludes to be true relating to issues of the tax assessment, notice, and other prior issues already determined, see "Order Granting Plaintiff's Motion for Partial Summary Judgment," (September 23, 2005) (Doc. 130).

[2] All exhibit references will be to the Plaintiff's Motion for Summary Judgment Exhibits, Document 158-4, filed on January 26, 2007.

Notices of tax liens securing the Littles' outstanding federal tax liabilities for 1991, 1992, and 1993 were recorded at the Tulare County Recorder on March 1, 1996 as instruments number 96-014354 and 96-014355. (Ex. 2). The notices of federal tax lien were re-filed on July 11, 2005. (Ex. 3).

On January 11, 1997, after tax collection had commenced, R. Nelson Cairns executed an Assignment of Deed of Trust, assigning all his interests (7/8 interest at that time) in the Promissory Note, and the Deed of Trust securing it, to Nicklas Arthur Hoffman. (Ex. 1). By assignment recorded December 12, 2000, Nicklaus Arthur Hoffman assigned his interest in the trust deed to "Shawn Ray Enterprise." (Ex. 5).

Although she had no title interest in the trust deed, "Nancy Ann Casselman, Trustee" purported to assign the Cairns trust deed to the Alpha Land Company on December 26, 2001. (Ex. 6). By quit claim deed, recorded May 28, 2002, Alpha Land Company by "Nancy Casselman, Trustee" purported to quiclaim its interest to the "Mount Carmel Trust, with Robert Hogue, Legal Trustee." (Ex. 7). By Trustee's Deed recorded June 22, 2004, Allen Casselman, Trustee, purported to grant the Lemon Cove property to Alpha Land Company. The deed states that the property was sold at a non-judicial sale to enforce the Cairns trust deed. (Ex. 7).

As defendants, the County of Tulare, Nicklas Arthur Hoffman, Thomas M. Cairns, and Richard N. Cairns, Jr. all filed separate disclaimers, disclaiming any interest in the Lemon Cove Property. (Docs. 10, 11, 13 and 18). In response to questions from an Internal Revenue Service Officer, defendant Richard N. Cairns, Sr. states that the Littles paid off the Cairns trust deed. (Ex. 4). The United States then filed a First Amended Complaint in this action, naming as defendants Shawn Ray Enterprises, Allen Casselman, as trustee for Alpha Land Company, Nancy Casselman as trustee for Alpha Land Company and Robert Hogue as Legal Trustee of Mount Carmel Trust. The new defendants were personally served with a summons and the First Amended Complaint, which states that the obligation secured by the Cairns trust deed was fully paid.

Only Allen Casselman, as trustee for Alpha Land Company, answered the First Amended Complaint. (Doc. 84). On October 31, 2005, the Court entered an order granting default judgment against Allen Casselman as trust of Alpha Land Company. In that Order, the Court found that Allen Casselman, as trustee, and Alpha Land Company have no interest in the subject property. (Doc. 135).

On September 23, 2005, the Court granted the United States' Motion for Summary Judgment as to the amounts assessed against the Littles. In that order, the Court found the amount assessed against James Little was $925,016.16, plus interest, penalties, and other statutory additions. The Court assessed the amount of $806,936.83, plus interest, penalties and other statutory additions, against Lorna. (Doc. 130). On the same day, the Court also denied the Littles Motion to Dismiss.

The Littles filed a "NOTICE OF AND: WRITTEN OBJECTIONS TO & MOTION TO VACATE THE 9/23/2005 ORDERS OF JUDGE ROBERT E. COYLE, FOR RECONSIDERATION, REARGUMENT, ENTRY OF ANOTHER ORDER GRANTING DEFENDANTS F.R.C.P. RULE 56(f) REQUEST FOR CONTINUANCE OF THE PLAINTIFFS' (sic) MOTION FOR PARTIAL SUMMARY JUDGMENT TO COMPLETE DISCOVERY OR GRANTING THE DEFENDANTS' MOTION TO DISMISS." (Doc. 133). The Court denied that motion, ruling that neither Rule 59(e) nor Rule 60(b) of the Federal Rules of Civil Procedure apply to the Littles' motion, because no judgment had been entered in favor of the United States. Therefore, the Court construed the Motion to Vacate as a motion for reconsideration. (Doc. 152). Considering each of the Littles arguments, the Court denied the Motion to Vacate, as construed. *Id.*

On January 26, 2007, the United States filed a motion for summary judgment, seeking a determination that the Lemon Cove Property may be sold to pay down the Littles' tax liabilities. On the same day, the Littles filed a "MOTION TO VACATE OR SET ASIDE PRIOR PARTIAL SUMMARY SUMMARY (sic) JUDGEMENT (sic) & DISMISS PLAINTIFFS (sic) COMPLAINT." (Doc. 159). The Court construed the latest filing by the Littles to be a response to the United States' Motion for Summary Judgment. (Doc. 167). The United States filed a response on March 16, 2007.

### III. DISCUSSION

A. **Standard of Review**

Summary judgment is appropriate when there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. "If the party moving for summary judgment meets its initial burden of identifying for the court those portions of the material on file that it believes demonstrate the absence of any genuine issues of material fact," the burden of production shifts and the nonmoving party must set forth "specific facts showing that there is a genuine issue for trial." *T.W. Elec.*

1  *Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987)(quoting F.R.Civ.P.
2  56(e)). Thus, summary judgment is mandated "against a party who fails to make a showing sufficient
3  to establish the existence of an element essential to the party's case, and on which that party will bear
4  the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

5  On summary judgment, a court must decide whether there is a "genuine issue as to any material
6  fact." F.R.Civ.P. 56(c); *see Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *Poller v. Columbia
7  Broadcast System*, 368 U.S. 464, 467 (1962); *Loeh v. Ventura County Community College Dist.*, 743
8  F.2d 1310, 1313 (9th Cir. 1984). The criteria of "genuineness" and "materiality" are distinct
9  requirements. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The requirement that an issue
10 be "genuine" relates to the quantum of evidence the party opposing summary judgment must produce
11 to defeat the summary judgment. There must be sufficient evidence "that a reasonable jury could return
12 a verdict for the nonmoving party." *Anderson,* 477 U.S. at 248. If the evidence is merely colorable, or
13 is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-250. "As
14 to materiality, the substantive law will identify which facts are material." *Anderson*, 477 U.S. at 248.
15 The opposing party must demonstrate that the fact in contention is material (i.e., a fact that might affect
16 the outcome of the case under governing law). *Anderson*, 477 U.S. at 248; *T.W. Elec. Serv.*, 809 F.2d
17 at 630.

18 To attempt to establish a factual dispute, the opposing party may not rely on denials of its
19 pleadings and is required to tender evidence of specific facts in the form of affidavits, or admissible
20 discovery material, in support of its contention that the dispute exists. F.R.Civ.P. 56(e); *Matasushita
21 Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, n. 11 (1986); *First National Bank of Arizona
22 v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968); *Strong v. France*, 474 F.2d 747, 749 (9th Cir. 1973). The
23 opposing party "must do more than simply show that there is some metaphysical doubt as to the material
24 facts. . . . Where the record taken as a whole could not lead a rational trier of fact to find for the non-
25 moving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (citations omitted). The
26 opposing party's evidence is to be believed and all reasonable inferences that may be drawn from the
27 facts placed before the court must be drawn in favor of the opposing party. *Anderson*, 477 U.S. at 255;
28 *Matsushita*, 475 U.S. at 587.

5

The purpose of summary judgment is to "pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Matsushita*, 475 U.S. at 587; *International Union of Bricklayers v. Martin Jaska, Inc.*, 752 F.2d 1401, 1405 (9th Cir. 1985).

**B.  Default Judgment against Nancy Casselman, Shawn Ray Enterprises, and Robert Hogue**

A default may be entered against a party if he does not appear "to plead or otherwise defend" the action. Fed. R. Civ. Pro. 55(a). Where more than a money judgment is sought, as here, the United States must apply to the Court to enter default judgment. *Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc.*, 840 F.2d 685, 589 (9th Cir. 1988). The Court has discretion whether to enter default judgment. *Lau Ah Yew v. Dulles*, 236 F.2d 415 (9th Cir. 1956). "Upon default, the well-pleaded allegations of the complaint relating to liability are taken as true," but not the allegations as to the amount of damages. *Dundee Cement Co. v. Howard Pipe & Concrete Products*, 722 F.2d 1319, 1323 (7th Cir. 1983); *TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917 (9th Cir. 1987). The amount of damages in a tax case are the tax liabilities, which this Court has already adjudicated. (Doc. 130).

According to R. Nelson Cairns, the obligation secured by the Cairns trust deed was paid off. Furthermore, Nancy Casselman, Shawn Ray Enterprises, and Robert Hogue have not appeared to state a claim after being served with a complaint which alleged that the trust deed was satisfied. Each defaulting defendant is not an infant, incompetent person, or a person in the military service or otherwise exempted from default judgment under the Servicemembers Civil Relief Act, 50 App. U.S.C. § 501. On February 6, 2007, the Clerk of Court entered a default judgment against Nancy Casselman, Shawn Ray Enterprises, and Robert Hogue pursuant to Fed. R. Civ. Proc. 55(b) and Local Rules 72-302(c)(19) and 78-230. (Doc. 163) Without a pleading or entry to defend as to each of the defendants, the Court orders default judgment against Nancy Casselman, Shawn Ray Enterprises, and Robert Hogue.

**C.  No defendant has an interest superior to the United States and the California Franchise Tax Board**

Previous orders of this Court have resolved much of this case. The Court determined the federal tax liabilities against the Littles in the order of September 23, 2005. In that order, this Court determined that the tax assessments against the Littles should be reduced to a money judgment. Accordingly, this Court has already assessed the amounts of the tax obligations against both James and Lorna Little. (Doc.

130). On October 31, 2005, the Court granted default judgment against the only active defendant, Alpha Land Company. That order specifically states that neither Allen Casselman as trustee nor Alpha Land Company have an interest in the subject property. (Doc. 135).

The Court is left then with the record of title and the evidence submitted, which support the claim that the federal and state tax liens are the only liens attaching to the taxpayers' property. The Cairns trust deed was satisfied. Shawn Ray Enterprises is in default and all other defendants have either disclaimed or failed to appear and defend, having default judgment entered against them. Furthermore, the chain of title shows that Alpha Land Company never obtained an interest in the Cairns trust deed. No other adverse party can show or has shown an interest in the Lemon Cove Property.

**D. Littles' arguments**

The Littles filed a second Motion to Vacate the Partial Summary Judgment, which this Court construes as an opposition to the current Motion for Summary Judgment filed by the United States. In this motion, the Littles advance the following arguments: (1) the actions by the prosecuting attorneys who filed the motion are void or voidable, because they are in violation of 28 U.S.C. §515; (2) the United States failed to give the Littles notice as required under 26 U.S.C. §6320; and (3) there are conflicting records of amounts assessed and claimed by the IRS against the Littles. For these reasons, the Littles assert this Court must set aside the prior summary judgment, dismiss the case in its entirety or set it for trial on the merits.

**1. 28 U.S.C. §515 improperly invoked**

The Littles' claim that the prosecuting attorneys in this case are not authorized, because they do not have special letters of appointment by the Attorney General and have not taken an Oath of Office as required by 28 U.S.C. §515(a) and (b). The Littles misunderstand the meaning of this section. "The thrust of the 1870 Congressional debates and enactments suggest that specific direction was only necessary for specially-hired counsel, not regular Justice Department attorneys." *In re Persico*, 522 F.2d 41, 44 (2nd Cir. 1975) (citing Cong. Globe, 41st Cong., 2d Sess., pt. 4, 3036-3039 (1870); Act of June 22, 1870, 16 Stat. 162 c. 150, § 17. *See also, United States v. Denton, 307 F.2d 336, 338 (6th Cir. 1962), cert. denied*, 371 U.S. 923, 83 S. Ct. 292, 9 L. Ed. 2d 232 (1963)). The attorneys for the United States are officers of the Department of Justice, not specially-hired counsel. Therefore, 28 U.S.C. §515 does

1 not apply under these circumstances.

### 2. Other Arguments are Untimely and Do Not Raise a Material Issue of Fact

The other claims asserted by the Littles seek to attack the Order Granting Partial Summary Judgment of September 23, 3005. The Littles present evidence which purport to show that the assessments by the Internal Revenue Service are in conflict. Any such documents should have been submitted to oppose the United States' prior Motion for Summary Judgment. The Littles provide no excuse why there were not so produced.[3] Submitted too late, the Court shall not now consider these documents as evidence. In making this decision, the Court notes that the Littles' previous attempt to submit evidence after the close of discovery was denied by this Court. (Doc. 152).

To attempt to establish a factual dispute, the opposing party may not rely on denials of its pleadings and is required to tender evidence of specific facts in the form of affidavits, or *admissible discovery material*, in support of its contention that the dispute exists. F.R.Civ.P. 56(e); *Matasushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, n. 11 (1986); *First National Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968); *Strong v. France*, 474 F.2d 747, 749 (9th Cir. 1973) (emphasis added). The information provided by the Court is not admissible discovery material as it is presented outside the scope of discovery and after discovery had been closed for over a year. Therefore, it creates no issue or dispute over a material fact, even it were related to the issues before this Court presently.

The Littles also argue that the notices of the filing of federal tax lien was sent to the wrong address, precluding the sale of the property. First, the Littles have not shown that they notified the IRS of any change of address.[4] Secondly, the procedural validity of the notices of the federal tax lien are not

---

[3] The original discovery deadline in this case was January 3, 2003. At the Littles' request, the Court moved non-expert discovery deadline to November 25, 2003, then to April 30, 2004. Due to a discovery dispute, depositions were ordered by the Court into January 2005. Thus, the Littles had almost three years of discovery in which to produce these documents.

[4] In their first Motion to Vacate Partial Summary Judgment, the Littles argued that they did not receive notice of the deficiency. In the Order Denying that motion, this Court ruled that a notice of deficiency is valid if it was mailed to that taxpayer's last known address, even if it was not received by the taxpayer. 26 U.S.C. §6212(a). Furthermore, a notice of deficiency is valid if it is actually received in sufficient time for the taxpayer to file a timely petition in tax court, regardless of the address to which it was sent. *King v. Commissioner*, 857 F.2d 676, 679 n.4 (9th Cir. 1988). In this case, the Littles provided no change of address and the notice was sent to the last known address of the taxpayers. In fact, the evidence shows

relevant to this proceeding.[5] The assessments against the Littles have already been adjudicated. Currently, the Court is considering whether the United States may enforce the tax lien by sale of the property.

In a motion for summary judgment, the opposing party must demonstrate that the fact in contention is material (i.e., a fact that might affect the outcome of the case under governing law). *Anderson*, 477 U.S. at 248; *T.W. Elec. Serv.*, 809 F.2d at 630. In this case, the Littles have not demonstrated that the facts in contention are material, because neither of these arguments relate to the current motion, which is to determine whether or not there are any competing creditors in Lemon Cove Property. Even if accepted as true, they do not pose any disputed issues of material fact to the present issue of which parties have an interest in the Lemon Cove Property. As such, the arguments are untimely brought and do not create an issue of material fact, thereby failing to successfully oppose the summary judgment motion.

**E. United States authorized to sell Lemon Cove Property**

The Internal Revenue Code permits the United States to sell property to satisfy a tax debt provided that a senior lienor or co-owner is paid his or her share of the sale proceeds. 26 U.S.C. §7403; *United States v. Rodgers*, 461 U.S. 677 (1983). 26 U.S.C. §7403 reads:

> The court shall, after the parties have been duly notified of the action, proceed to adjudicate all matters involved therein and finally determine the merits of the claims to and liens upon the property, and, in all cases where a claim or interest of the United States therein is established, may decree a sale of such property, by the proper officer of the court, and a distribution of the proceeds of such sales according to the findings of the court in respect to interests of the parties and the United States.

Upon review of the record and evidence, the uncontradicted evidence supports a judgment as matter of

---

that the Littles received many notices over several years from the IRS. See "Order Granting Plaintiff's Motion for Partial Summary Judgment" (September 23, 2005).

[5]"Although it is true that the Internal Revenue Service Restructuring and Reform Act of 1998 does not import all federal due process protections into its requirements, it is also true that the opportunity to be heard at a meaningful time and in a meaningful manner is a bedrock principle of federal due process." *Cox v. United States*, 345 F.Supp. 2d 1218 (W.D. Ok. 2004). In this case, the Littles have had been heard before the district court in a meaningful way. The Littles do not present to this Court why they failed to raise their latest notice argument, pertaining to a document sent in 1996, in any of the many previous filings with this Court. Not only have the Littles filed numerous answers and responses generally, but they filed *three separate* oppositions to the Motion for Partial Summary Judgment motion and a Motion to Vacate that order. This is the second such Motion to Vacate after the Order of September 23, 2005. Therefore, the Court finds that there are no due process issues here.

law in favor of the United States. All relevant parties have been notified of this action. The tax assessment against the Littles is established. Defendants County of Tulare, Nicklas Arthur Hoffman, Thomas M. Cairns, and Richard N. Cairns, Jr. have all filed disclaimers, disclaiming any interest in the Lemon Cove Property. This Court determined that Allen Casselman and Alpha Land Company do not have any interest in said property. The Court enters default judgment against Nancy Casselman, Shawn Ray Enterprises and Robert Hogue. Thus, the only remaining defendant with interest in the Lemon Cove Property is California Franchise Tax Board. The United States and the California Franchise Tax Board have stipulated that the priority of their claims is determined by the relative dates on which the respective tax assessments were made.

Because the uncontradicted facts support a finding as a matter of law in favor of the Plaintiff, the motion for summary judgment is GRANTED. Pursuant to 26 U.S.C. §7403 and 28 U.S.C. §2001, this Court orders a judicial sale of the Lemon Cove Property to enforce the judgment of the tax assessments. See *United States v. Branch Coal. Corp.*, 390 F.2d 7 (3rd Cir. 1967), *cert. denied*, 391 U.S. 966 (1968); *United States v. Heasley*, 283 F.2d 422, 426 (8th Cir. 1960).

### IV. Conclusion

For the foregoing reasons, this Court:

(1) ORDERS the entry of default judgment against Nancy Casselman, Shawn Ray Enterprises and Robert Hogue;

(2) GRANTS the United States' Motion for Summary Judgment;

(3) ORDERS the sale of the Lemon Cove Property;

(4) VACATES the April 9, 2007 hearing on this motion; and

(5) ORDERS the United States to submit a proposed final judgment to this Court no later than April 9, 2007.

IT IS SO ORDERED.

**Dated:   March 20, 2007**              /s/ Lawrence J. O'Neill
b9ed48                                            UNITED STATES DISTRICT JUDGE