IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CV-F-02-5141 LJO DLB |
| Plaintiff, | |
| vs. | **JUDGMENT** |
| JAMES LITTLE, LORNA MARIE LITTLE, CALIFORNIA FRANCHISE TAX BOARD, COUNTY OF TULARE, NICKLAS ARTHUR HOFFMAN, RICHARD N. CAIRNS, JR., THOMAS M. CAIRNS, ALLEN CASSELMAN, as trustee, SHAWN RAY ENTERPRISE, NANCY CASSELMAN, Trustee of Alpha Land Company, ALLEN TRUSTEE OF ALPHA LAND COMPANY, ROBERT HOGUE, Legal Trustee of Mount Carmel Trust, | |
| Defendants. | |

On September 23, 2005, the Court granted the United States' motion for partial summary judgment pertaining to the tax amounts assessed against James Little and Lorna Maria Little. (Doc.130). On March 21, 2007, the Court entered an Order granting the United States motion for summary judgment, determining the Littles' property be sold and that no defendant has an interest in the Little property senior to the federal and state tax liens (Doc. 169). In accordance with the Orders, IT IS HEREBY ORDERED:

1

1. Defendant James Little is indebted to the United States for the federal individual income tax assessments against him for the years 1991 through 1994 in the amount of $925,016.16, plus interest, penalties, and other statutory additions according to law from March 1, 2005, until the judgment is paid;

2. Defendant Lorna Marie Little is indebted to the United States for the federal individual income tax assessments against her for the years 1991 through 1994 in the amount of $806,936.83, plus interest, penalties, and other statutory additions according to law from March 1, 2005, until the judgement is paid;

3. The federal tax lien under 26 U.S.C. § 6321 attaches to all property and rights to property of defendants James Little and Lorna M. Little, including the following:

LOTS 8, 9, 10, 11, 13 AND 14 OF LINDCOVE REALTY COMPANY'S SUBDIVISION OF THE BROWN AND LEVINSON RANCH, LYING EAST OF PALM AVENUE, AS PER MAP RECORDED IN BOOK 7 OF MAPS, PAGE 54, TULARE COUNTY RECORDS, BEING SITUATED IN THE NORTHWEST QUARTER OF SECTION 16, TOWNSHIP 18 SOUTH, RANGE 27 EAST, M.D.B.M., IN THE UNINCORPORATED AREA OF THE COUNTY OF TULARE, STATE OF CALIFORNIA, ACCORDING TO THE OFFICIAL PLAT THEREOF.

EXCEPTING THEREFROM THAT PORTION LYING EAST OF THE CENTERLINE OF FOOTHILL DITCH.

TOGETHER WITH THAT PORTION OF THE ABANDONED ROAD LYING ADJACENT TO LOTS 13 AND 14 ON THE WEST AS ABANDONED BY THE TULARE COUNTY BOARD OF SUPERVISORS IN DOCUMENT RECORDED MARCH 15, 1926 IN BOOK 148, PAGE 143 OF OFFICIAL RECORDS.

more commonly known as 23009 Avenue 320, Lemon Cove, Tulare County, California, 93244 ("the Lemon Cove Propety").  James and Lorna Little currently own, and have owned since December 6, 1982, as their community property, the Lemon Cove Property.

4. James and Lorna Little encumbered the Lemon Cove Property with a deed of trust dated December 6, 1982.  This deed of trust secured the repayment by the Littles of a promissory note for the benefit of R. Nelson Cairns, Executor of the Estate of Nadine Moffett Cairns, in the original sum of $425,000.00.  The obligation secured by the deed of trust was fully paid.

5. The following defendants have disclaimed any interest in the Lemon Cove Property: (1) the County of Tulare; (2) Nicklas Arthur Hoffman; (3) Thomas M. Cairns; and (4) Richard Nelson

|   |   |   |
|---|---|---|
| 1 |   | Cairns, Jr.  Said defendants have no interest in the Lemon Cove Property. |
| 2 | 6. | Judgment by default is entered against defendants (1) Nancy Casselman as trustee for Alpha Land Company; (2) Allen Casselman as trustee for Alpha Land Company; (3) Shawn Ray Enterprise, and (4) Robert Hogue as Legal Trustee of Mount Carmel Trust.  Said defendants have no interest in the Lemon Cove Property which is senior to the federal and state tax liens. |
| 6 | 7. | The United States is entitled to foreclose its liens against the Lemon Cove Property, which will be sold pursuant to further order of this Court. |
| 8 | 8. | The United States and the California Franchise Tax Board have stipulated that the priority of their claims is determined by the relative date on which the respective tax assessments were made.  The United States and the California Franchise Tax Board shall submit a proposed order of distribution after the sale. |
| 12 | 9. | The United States may recover its costs of this action from James Little and Lorna M. Little, subject to the submission and approval of a reasonable Bill of Costs. |

IT IS SO ORDERED.

**Dated:   March 27, 2007**                              **/s/ Lawrence J. O'Neill**
b9ed48                                                          UNITED STATES DISTRICT JUDGE