# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CV-F-02-5141 LJO DLB |
| Plaintiff, | |
| vs. | **ORDER DENYING MOTIONS** (Docs. 174, 175, 176, 177) |
| JAMES LITTLE, LORNA MARIE LITTLE, CALIFORNIA FRANCHISE TAX BOARD, COUNTY OF TULARE, NICKLAS ARTHUR HOFFMAN, RICHARD N. CAIRNS, JR., THOMAS M. CAIRNS, ALLEN CASSELMAN, as trustee, SHAWN RAY ENTERPRISE, NANCY CASSELMAN, Trustee of Alpha Land Company, ALLEN TRUSTEE OF ALPHA LAND COMPANY, ROBERT HOGUE, Legal Trustee of Mount Carmel Trust, | |
| Defendants. | |

This Court granted Motion for Summary Judgment in favor of Plaintiff on March 21, 2007 (Doc. 169). Thereafter, the Court entered a final judgment on March 27, 2007 (Docs. 172, 173). On April 19, 2007, Defendants James and Lorna Maria Little ("the Littles") filed a series of documents. First, the Littles filed a Declaration in Support of a Motion for Reconsideration (Doc. 174). Next, the Littles filed a Notice of and a Motion to Strike Plaintiff's Evidence (Doc. 175). Finally, the Littles filed two separate documents relating to the previously-decided summary judgment: (1) a Memorandum in support of Opposition for Summary Judgment and Motion to Strike (Doc. 176), and (2) Opposition to Plaintiff's

Motion for Summary Judgment (Doc. 177). For the following reasons, all motions are hereby DENIED.

## I. Motion for Reconsideration

Reconsideration is appropriate when the district court is presented with newly discovered evidence, committed clear error, or there is an intervening change in controlling law. *School District No. 1J, Multnomah County, Oregon v. A C and S, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993), *cert. denied*, 512 U.S. 1236 (1994). "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Publisher's Resource, Inc. v. Walker Davis Publications, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985) (quoting *Keene Corp. v. Int'l Fid. Ins. Co.*, 561 F.Supp. 656, 665-66 (N.D. Ill. 1982), *aff'd*, 736 F.2d 388 (7th Cir. 1984); see *Novato Fire Protection Dist. v. United States*, 181 F.3d 1135, 1142, n.6 (9th Cir. 1999), *cert. denied*, 529 U.S. 1129 (2000). Reconsideration should not be used to "argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *Brambles USA, Inc. v. Blocker*, 735 F.Supp. 1239, 1240 (D. Del. 1990).

Under Local Rule 78-230(k), a party seeking reconsideration must demonstrate "what new facts or circumstances are claimed to exist which did not exists or were not shown upon such prior motion, or what other grounds exist for the motion and why the facts or circumstances were not shown at the time of the prior motion." Pursuant to that rule,

> Whenever any motion has been granted or denied in whole or in part, and a subsequent motion for reconsideration is made upon the same or any alleged different set of facts, it shall be the duty of counsel to present to the Judge...a brief...including:
> (1) when and to what Judge or Magistrate Judge the prior motion was made,
> (2) what ruling, decision or order was made thereon,
> (3) what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion, and
> (4) why the facts or circumstances were not shown at the time of the prior motion.

Here, the Littles claim this Court denied them federal and state due process rights. They claim they had no opportunity to be heard on the government's motion for summary judgment, because (1) they were unable to file an opposition to the motion, and (2) the Court unlawfully applied a local rule to vacate the April 9, 2007 hearing.

The Littles had adequate notice and opportunity to be heard on the motion for summary

judgment. On January 26, 2007, the United States filed the motion for summary judgment. On the same day, the Littles filed a "Motion to Vacate or set aside Partial Motion for Summary Judgment." (Doc. 159). On January 31, 2007, the Court served a notice to all parties which read: "The document filed by the defendants [Littles] will be considered an opposition to the plaintiffs motion and will not have a separate hearing." Doc. 161.  The Littles did not file a response to this docket entry.

On February 22, 2007, the Court issued another order to clarify that the Littles' filing of January 26, 2007 would be construed as an opposition.  This Court ruled, "Rather than entertaining or striking sua sponte defendants' Motion to Vacate Partial Summary Judgment filed on January 26, 2007, this Court will consider this Motion as an Opposition to Plaintiff's Motion for Summary Judgment filed on January 16, 2007." Order to Consolidate Hearing Dates and Clarify Status, 1:12-15 (Doc. 167).  After this Order, the Littles still remained silent. On March 16, 2007, the United States filed a memorandum in response to the opposition. (Doc. 168).  Thereafter, this Court issued its Order on March 21, 2007 (Doc. 169) and its final judgment on March 27, 2007 (Docs. 172, 173).

The Littles were heard on the summary judgment motion, because they filed a response on January 26, 2007.  The Court gave adequate notice of this construction on January 31, 2007 and again on February 22, 2007.  If the Littles wanted to be heard further, they had adequate opportunity and time in which to respond.  This Court did not make its decision until almost two months after the motion and opposition were filed.

Furthermore, the Littles do not have a right to a hearing on this motion. This Court may properly vacate a hearing. See Local Rule 78-230(h). The Littles have provided no authority which persuades this Court that its use of the local rule is "improper, misplaced, illegal, unlawful, and unconstitutional." The Littles have had ample opportunity to be heard over the last five years of filings and litigation. Because this Court has reached a final judgment, the proper recourse is to seek an appeal, if the Littles so choose.

**II.     Motion to Strike**

The Motion to Strike does not address any procedural merits of the summary judgment. Instead, it raises arguments previously argued and decided by this Court.  See Order Granting Pl. Mot. For

3

Summary Judgment, n.1 (Doc. 169).  Finally, this motion is untimely made.  This Court has issued a final judgment pursuant to Fed. R. Civ. P. 56.   Therefore, this motion is DENIED.

### III. Oppositions to Motions for Summary Judgment

The memoranda relating to the summary judgment motion are untimely. See  Local Rule 78-230. The Court has already issued its order on this motion.  The Court does not construe this as anything other than an opposition to a motion already decided.

IT IS SO ORDERED.

**Dated:     April 24, 2007**                              **/s/ Lawrence J. O'Neill**
                                                                           UNITED STATES DISTRICT JUDGE