# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>          vs.<br><br>JAMES LITTLE, LORNA MARIE LITTLE, CALIFORNIA FRANCHISE TAX BOARD, COUNTY OF TULARE, NICKLAS ARTHUR HOFFMAN, RICHARD N. CAIRNS, JR., THOMAS M. CAIRNS, ALLEN CASSELMAN, as trustee, SHAWN RAY ENTERPRISE, NANCY CASSELMAN, Trustee of Alpha Land Company, ALLEN TRUSTEE OF ALPHA LAND COMPANY, ROBERT HOGUE, Legal Trustee of Mount Carmel Trust,<br><br>                    Defendants.<br>_____/ | CASE NO. CV-F-02-5141 LJO DLB<br><br>**ORDER TO ENFORCE JUDGMENT** |

## BACKGROUND

On September 23, 2005, the Court granted defendant United States' motion for partial summary judgment as to the tax amounts assessed against James Little and Lorna Maria Little ("the Littles"). (Doc.130).  On March 21, 2007, the Court entered an order granting the United States' motion for summary judgment, adjudging that the Littles' property be sold and that no defendant has an interest in the Little property senior to the federal and state tax liens (Doc. 169).  Accordingly, this Court entered a Judgment on March 27, 2007 in favor of the United States and against the Littles. (Doc. 173).

The Littles filed a notice of appeal on May 21, 2008. On November 21, 2007, the United States Court of Appeals for the Ninth Circuit dismissed the Littles' appeal, based on the Little's failure to file an opening brief. (Doc.186).

On January 18, 2008, the United States filed a motion to enforce judgment by order of judicial sale and noticed a March 25, 2008 hearing on this motion. On March 7, 2008, the United States filed a supplemental declaration to advise the Court of newly-discovered facts concerning the subject property. The motion for order of judicial sale was amended to add the current occupants of the subject property to the order. The Littles did not oppose the motion for enforcement. *See* Local Rule 78-230(c). As a result, they are not entitled to be heard in opposition at oral argument. *Id*.; *see also* Local Rules 5-135(a), 6-136(a). Accordingly, this Court finds this motion suitable for consideration without a hearing and VACATES the March 25, 2008 hearing and issues the following order.

## DISCUSSION

The United States Internal Revenue Code Sections 7401 through 7403 , 26 U.S.C. §§7401-7403, allow the United States to bring a suit to reduce an unpaid tax assessment to judgment and to foreclose federal tax liens which arise from the assessment. *Id.* Federal district courts may direct the enforcement of money judgments by judicial sales. 28 U.S.C. §2001, 26 U.S.C. §7403; *United States v. Rodgers*, 461 U.S. 677, 692 (1983); *United States v. Branch Coal Corp*., 390 F.2d 7 (3rd Cir.), *cert. denied*, 391 U.S. 966 (1968). An order of judicial sale pursuant to 28 U.S.C. §2001 is an appropriate post-judgment remedy in a foreclosure action concerning federal tax liens. *United States v. Orverman*, 424 F.2d 1142 (9th Cir. 1970). The Court has broad discretion in setting the terms and conditions of a sale pursuant to 28 U.S.C. §2001. *Branch Coal*, 390 F.2d at 10.

The United States initiated this action to reduce assessments to judgment against the Littles and to foreclose on their 33-acre olive and orange ranch. This Court ordered previously that the subject property shall be sold to satisfy the Littles' tax debt obligations. Judgment ¶ 7 ("The United States is entitled to foreclose its liens against the Lemon Cove Property, which will be sold pursuant to further order of this Court."). Pursuant to 28 U.S.C. §2001, this Court orders enforcement of its March 27, 2007 Judgment.

///

**CONCLUSION**

For the foregoing reasons, this Court:

1. GRANTS the United States' motion for enforcement of judgment (Doc. 187);
2. APPROVES publication of the proposed Notice of Public Sale (Doc. 187, Exhibit C);
3. ORDERS the United States to publish the Notice of Public Sale once a week for at least four (4) consecutive weeks before the sale in at least one newspaper regularly issued and of general circulation in Tulare County, California and by any other notice that the Internal Revenue Service deems appropriate;
4. ORDERS that a separate Order of Judicial Sale filed concurrently with this order shall describe the terms and conditions of the sale;
5. VACATES the March 25, 2008 hearing; and
6. DIRECTS the clerk of court to close this action.

IT IS SO ORDERED.

**Dated:   March 19, 2008**            /s/ Lawrence J. O'Neill
                                      UNITED STATES DISTRICT JUDGE