McGREGOR W. SCOTT
United States Attorney

G. PATRICK JENNINGS
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683, Ben Franklin Station
Washington, DC  20044-0683
Telephone: (202) 307-6648
Facsimile: (202) 307-0054
guy.p.jennings@usdoj.gov

Attorneys for the United States

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Civil No. 1:02-CV-05141 LJO DLB |
| Plaintiff, | **ORDER OF JUDICIAL SALE** |
| v. | |
| JAMES LITTLE; LORNA MARIE LITTLE; STATE OF CALIFORNIA FRANCHISE TAX BOARD; COUNTY OF TULARE; NICKLAS ARTHUR HOFFMAN; RICHARD N. CAIRNS, JR.; and THOMAS M. CAIRNS, SHAWN RAY ENTERPRISE;  NANCY CASSELMAN as Trustee of ALPHA LAND COMPANY; ALLEN CASSELMAN as Trustee of ALPHA LAND COMPANY; and ROBERT HOGUE as Legal Trustee of MOUNT CARMEL TRUST, | |
| Defendants. | |

A final judgment was entered by this Court in the above-entitled action, on March 27, 2007, (docket no. 173), ordering that the United States' federal tax liens be foreclosed and that the subject property, described below, be sold pursuant to 28 U.S.C. § 2001.

- 1 -

The subject property is located at 23009 Avenue 320, Lemon Cove, Tulare County, California 93244, and is more particularly described as follows:

LOTS 8, 9, 10, 11, 13 AND 14 OF LINDCOVE REALTY COMPANY'S SUBDIVISION OF THE BROWN AND LEVINSON RANCH, LYING EAST OF PALM AVENUE, AS PER MAP RECORDED IN BOOK 7 OF MAPS, PAGE 54, TULARE COUNTY RECORDS, BEING SITUATED IN THE NORTHWEST QUARTER OF SECTION 16, TOWNSHIP 18 SOUTH, RANGE 27 EAST, M.D.B.M., IN THE UNINCORPORATED AREA OF THE COUNTY OF TULARE, STATE OF CALIFORNIA, ACCORDING TO THE OFFICIAL PLAT THEREOF.

EXCEPTING THEREFROM THAT PORTION LYING EAST OF THE CENTERLINE OF FOOTHILL DITCH.

TOGETHER WITH THAT PORTION OF THE ABANDONED ROAD LYING ADJACENT TO LOTS 13 AND 14 ON THE WEST AS ABANDONED BY THE TULARE COUNTY BOARD OF SUPERVISORS IN DOCUMENT RECORDED MARCH 15, 1926 IN BOOK 148, PAGE 143 OF OFFICIAL RECORDS.

(Hereinafter the "Property.")

Accordingly, it is **ORDERED** as follows:

1.  The United States Marshal for the Eastern District of California, his or her representative, or an Internal Revenue Service Property Appraisal and Liquidation Specialist ("PALS"), (hereinafter reference to the Marshall or PALS shall also refer to his or her agents, officers, and representatives) is authorized and directed under 28 U.S.C. §§ 2001 and 2002 to offer for public sale and to sell the Property.  The United States may choose either the United States Marshal or a PALS to carry out the sale under this Order and shall make the arrangements for any sale as set forth in this Order.

2.  The Marshal or  PALS is authorized to have free access to the Property and to take all actions necessary to preserve the Property, including, but not limited to, retaining a locksmith or other person to change or install locks or other security devices on any part of the property, until the deed to the Property is delivered to the ultimate purchaser.

3.  The terms and conditions of the sale are as follows:

a.  the sale of the Property shall be free and clear of the interests of:

James Little; Lorna Marie Little; State of California Franchise Tax Board; County of
Tulare; Nicklas Arthur Hoffman; Richard N. Cairns, Jr.; and Thomas M. Cairns, Shawn
Ray Enterprise;  Nancy Casselman As Trustee of Alpha Land Company; Allen
Casselman as Trustee of Alpha Land Company; and Robert Hogue as Legal Trustee of
Mount Carmel Trust,

b.  the sale shall be subject to building lines, if established, all laws,
ordinances, and governmental regulations (including building and zoning ordinances)
affecting the Property, and easements and restrictions of record, if any;

c.  the sale shall be held at the courthouse of the county or city in which
the Property is located, on the Property's premises, or at any other place in accordance
with the provisions of 28 U.S.C. §§ 2001 and 2002;

d.  the date and time for sale are to be announced by the United States
Marshal or the PALS;

e.  notice of the sale shall be published once a week for at least four
consecutive weeks before the sale in at least one newspaper regularly issued and of
general circulation in Tulare County, and, at the discretion of the Marshal or the PALS,
by any other notice deemed appropriate.  The notice shall contain a description of the
property and shall contain the terms and conditions of sale in this order of sale;

f.  The minimum bid will be set by the Internal Revenue Service. If the
minimum bid is not met or exceeded, the Marshal or the PALS may, without further
permission of this Court, and under the terms and conditions in this order of sale, hold a
new public sale, if necessary, and reduce the minimum bid or sell to the second highest
bidder;

g.  the successful bidder(s) shall be required to deposit at the time of the
same with the Marshal or the PALS a minimum of ten percent of the bid, with the
deposit to be made by certified or cashier's check payable to the United States District
Court for the Eastern District of California.

Before being permitted to bid at the sale, bidders shall display to the Marshal or

the PALS proof that they are able to comply with this requirement.  No bids will be received from any person(s) who have not presented proof that, if they are the successful bidders(s), they can make the deposit required by this order of sale;

h.  the balance of the purchase price for the Property is to be paid to the United States Marshall or a PALS (whichever person is conducting the sale) within 20 days after the date the bid is accepted, by a certified or cashier's check payable to the "U.S. District Court for the Eastern District of California".  If the bidder fails to fulfill this requirement, the deposit shall be forfeited and shall be applied to cover the expenses of the sale, including commissions due under 28 U.S.C. § 1921(c), with any amount remaining to be applied to the income tax liabilities of James and Lorna Little at issue herein.  The Property shall be again offered for sale under the terms and conditions of this order of sale.  The United States may bid as a credit against its judgment without tender of cash;

i.  the sale of the Property shall be subject to confirmation by this Court. The Marshal or a PALS shall file a report of sale with the Court, together with a proposed order of confirmation of sale and proposed deed, within 20 days from the date of receipt of the balance of the purchase price;

j.  on confirmation of the sale, the Marshal or PALS shall execute and deliver a deed of judicial sale conveying the property to the purchaser;

k.  on confirmation of the sale, all interests in, liens against, or claims to, the Property that are held or asserted by all parties to this action are discharged and extinguished;

l.  on confirmation of the sale, the recorder of deeds for Tulare County, California, shall cause transfer of the property to be reflected upon that county's register of title; and

m.  the sale is ordered pursuant to 28 U.S.C. § 2001, and is made without right of redemption.

4.  Until the property is sold, Lorna M. Little and Alan Casselman shall take all

- 4 -

1 reasonable steps necessary to preserve the property (including all buildings,

2 improvements, fixtures and appurtenances on the property) in its current condition

3 including, without limitation, maintaining a fire and casualty insurance policy on the

4 property. They shall neither commit waste against the property nor cause or permit

5 anyone else to do so. They shall neither do anything that tends to reduce the value or

6 marketability of the property nor cause or permit anyone else to do so.  The defendants

7 shall not record any instruments, publish any notice, or take any other action (such as

8 running newspaper advertisements or posting signs) that may directly or indirectly tend

9 to adversely affect the value of the property or that may tend to deter or discourage

10 potential bidders from participating in the public auction, nor shall they cause or permit

11 anyone else to do so.

12      5.  All persons occupying the property, including Alan Casselman and any

13 relatives, shall leave and vacate the property permanently within 10 days of the date of

14 this Order, each taking with them his or her personal property (but leaving all

15 improvements, buildings, fixtures, and appurtenances to the property).  If any person

16 fails or refuses to leave and vacate the property by the time specified in this Order, the

17 United States Marshal's Office, alone, is authorized to take whatever action it deems

18 appropriate to remove such person from the premises, whether or not the sale of such

19 property is being conducted by a PALS.  If any person fails or refuses to remove his or

20 her personal property from the property by the time specified herein, the personal

21 property remaining on the property thereafter is deemed forfeited and abandoned, and

22 the United States Marshal's Office is authorized to remove it and to dispose of it in any

23 manner it deems appropriate, including sale, in which case the proceeds of the sale are

24 to be applied first to the expenses of sale and the balance to be paid into the Court for

25 further distribution.  Alan Casselman and his relatives are ordered, effective

26 immediately, to allow agents of the United States access to maintain the orchard on the

27 Property.

28      The proceeds arising from sale are to be paid to the Clerk of this Court and

1  applied as far as they shall be sufficient to the following items, in the order specified:

2      1.  To the United States Marshal or the PALS (whichever person conducted the

3  sale as arranged by the United States) for the costs of the sale, including any expense

4  of maintaining the Property prior to sale;

5      2.  To all taxes unpaid and matured that are owed to Tulare County for real

6  property taxes on the property;

7      3.  To the federal and State of California income taxes of James Little and Lorna

8  M. Little for the years ending December 31,1991, through December 31,1994, plus all

9  interest and penalties due and owing thereon, according to priority by agreement or

10  proof to be submitted after sale;

11      4.  Any balance remaining after the above payments shall be held by the Clerk

12  until further order of the Court.

13

14  IT IS SO ORDERED.

15  **Dated:    March 19, 2008**            **/s/ Lawrence J. O'Neill**
                                      UNITED STATES DISTRICT JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28