1

2

3          **IN THE UNITED STATES DISTRICT COURT**

4          **FOR THE EASTERN DISTRICT OF CALIFORNIA**

5

6    UNITED STATES OF AMERICA,                    CASE NO. CV-F-02-5141 LJO DLB

7                   Plaintiff,              _____

8    _____vs._____    **ORDER ON MOTION TO SHORTEN**
                                                       **TIME** (Doc. 193)
9
     JAMES LITTLE, LORNA MARIE LITTLE,
10   CALIFORNIA FRANCHISE TAX BOARD,
     COUNTY OF TULARE, NICKLAS ARTHUR
11   HOFFMAN, RICHARD N. CAIRNS, JR.,
     THOMAS M. CAIRNS, ALLEN CASSELMAN,
12   as trustee, SHAWN RAY ENTERPRISE,
     NANCY CASSELMAN, Trustee of Alpha Land
13   Company, ALLEN TRUSTEE OF ALPHA
     LAND COMPANY, ROBERT HOGUE, Legal
14   Trustee of Mount Carmel Trust,

15                  Defendants.

16   _____/

17                              **Background**

18          Plaintiff United States of America ("the Government") initiated this action to reduce assessments

19   to judgement against taxpayers and defendants James and Lorna Little ("the Littles") and to enforce

20   federal tax liens on their 33-acre olive and orange ranch in Tulare County, California ("the Property").

21   The Government's interest in the Property was determined in a final judgment entered by this Court on

22   March 27, 2007. (Doc. 173).  On March 19, 2008, the Court entered an Order of Judicial Sale directing

23   the public sale of the Property in accordance with 28 U.S.C. §2001(a). (Doc. 190).

24          In accordance with the Order of Judicial Sale, the Government commenced the advertising

25   process of the published notice prior to the sale.  The sale is scheduled to take place on June 24, 2008.

26          After publication of the noticed sale of the Property, on May 29, 2008, the Government learned

27   that the Littles owned water rights to a ditch which flows adjacent to the Property.  David Cairns,

28   Secretary of the Wallace Ranch Water Company, confirmed that the Littles hold shares with water rights

                                            1

1   which they obtained when they purchased the Property.  Other water rights on the property include wells
2   which may be used for irrigation.

3       On June 4, 2008, the Government moved to enforce judgment by sale of the Littles' recently-
4   discovered  water rights with sale of the Property (Doc. 192).  In addition, the Government moved to
5   shorten time for a hearing on this motion (Doc. 193).

6
7                                         **<u>Discussion</u>**

8       The Government moves to shorten time for a hearing on its motion for a judicial sale of the
9   Littles' water rights.  Local Rule 78-230 requires 31 days of notice before this Court shall hear oral
10  argument on a motion.  The Government moves this Court to hear this matter and issue its order for
11  judicial sale at least one week prior to the scheduled June 24, 2008 sale of the Property.  The
12  Government would like to consolidate the sale of the recently-discovered water rights with the scheduled
13  sale of real property.  Thus, the Government requests this Court to schedule a hearing on its motion for
14  a second judicial sale on or before June 13, 2008.

15      This Court may order the sale of property subject to a tax lien where, as here, a claim or interest
16  of the United States is established. 26 U.S.C. §7403.  The Court has discretion over whether to order the
17  sale of such property.  *United States v. Rodgers*, 461 U.S. 677 (1983).  Moreover, this Court has broad
18  discretion in setting the terms and conditions of a sale under 28 U.S.C. §2001. *United States v. Branch*
19  *Coal Corp.*, 390 F.2d 7, 10 (3d Cir), *cert. denied*, 391 U.S. 966 (1968).

20      While this Court has broad discretion over the terms and conditions of the sale, the notice
21  requirement for a judicial sale of property is more strict.  This Court's order for a judicial sale of the
22  Little's personal property (water rights) shall be in accordance with the sale of real property.  28 U.S.C.
23  §2004.  A judicial sale of real property "*shall not be made without notice* published once a week for *at*
24  *least four weeks* prior to the sale in at least one newspaper." 28 U.S.C. §2004 (emphasis added).  Thus,
25  the 4-week notice requirement applies to the judicial sale of  both personal and real property.  The 4-
26  week notice requirement attached to a judicial sale for personal and real property is a "preferential course
27  to be followed in connection with a court authorized sale of property." *Tanzer v. Huffines*, 412 F.2d 221,
28  222 (3d Cir. 1969).  This Court shall not "order otherwise *except under extraordinary circumstances*."

1    *Id.* (Emphasis added).  Accordingly, the sale of the Littles' water rights must take place at least 4 weeks

2    after an order by this Court, if at all, unless the Government demonstrates that extraordinary

3    circumstances exist to waive the notice requirement.

4            The Government has not demonstrated extraordinary circumstances for this Court to depart from

5    the 4-week notice requirement of a judicial sale.  The Government argues that the water rights will

6    increase the value of the Property at its public sale, which will deliver the best return to the Government

7    and the taxpayers.  This argument demonstrates that the Government has a legitimate interest in

8    consolidating the sale of the Property and water rights.  However, that interest could also be achieved

9    if the Government were to postpone briefly its currently-scheduled sale.  As of this writing, the

10   Government had advertised the June 24, 2008 sale of the property once.  Thus, the Government could

11   delay the sale of the Property without great cost.  Advertising costs of $1000 or less are not good cause

12   or extraordinary circumstances to deny the Littles' their due process right to notice of the sale of their

13   property.

14           Because this Court finds that no good cause exists to waive the 4-week notice requirement after

15   a judicial sale, the Government's request to shorten time of this motion fails.  Even if the Court were to

16   shorten time to hear and rule on the Government's motion, the Government would be unable to offer the

17   water rights for sale at the currently-scheduled June 24, 2008 sale.  An order by this Court, if any, would

18   not be issued 4 weeks prior to the June 24, 2008 sale.  Thus, the Court cannot grant the Government the

19   it seeks through a shortened time to hear its motion.  Accordingly, this Court denies the Government's

20   motion.

21                                    **<u>Order</u>**

22           For the foregoing reasons, this Court:

23   1.      DENIES the Government's motion to shorten time to hear its motion (Doc. 193);

24   2.      SETS a hearing in this matter for **July 9, 2008 at 8:15 a.m.** in Courtroom 4 (LJO);

25   3.      ORDERS Defendant(s) to file and serve an opposition to this motion, if any, no later than

26           June 25, 2008.  If Defendant(s) fails to file a written opposition, Defendant(s) waives his

27           or her right to appear and be heard at the July 9, 2008 hearing.  Local Rule 78-230(c)

28           ("No party will be entitled to be heard in opposition to a motion at oral arguments if

                                            3

1    opposition to that motion has not been timely filed by that party.").  Therefore, this Court

2    will construe Defendant(s)' failure to file an opposition as non-opposition to this motion,

3    vacate the July 9, 2008 hearing, and rule accordingly.; and,

4        4.    ORDERS the Government to file a reply, if any, no later than July 2, 2008.

5

6    IT IS SO ORDERED.

7    **Dated:**    **June 5, 2008**                    **/s/ Lawrence J. O'Neill**

                                                UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28