# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CV-F-02-5141 LJO DLB |
| Plaintiff, | |
| vs. | **SECOND ORDER TO ENFORCE JUDGMENT** |
| JAMES LITTLE, LORNA MARIE LITTLE, CALIFORNIA FRANCHISE TAX BOARD, COUNTY OF TULARE, NICKLAS ARTHUR HOFFMAN, RICHARD N. CAIRNS, JR., THOMAS M. CAIRNS, ALLEN CASSELMAN, as trustee, SHAWN RAY ENTERPRISE, NANCY CASSELMAN, Trustee of Alpha Land Company, ALLEN TRUSTEE OF ALPHA LAND COMPANY, ROBERT HOGUE, Legal Trustee of Mount Carmel Trust, | |
| Defendants. / | |

## BACKGROUND

Plaintiff United States of American ("the Government") initiated this action to reduce assessments to judgments against taxpayers and defendants James Little and Lorna Little ("the Littles") and to enforce federal tax liens on their 33-acre olive and orange ranch in Tulare County, California ("the Property"). On September 23, 2005, the Court granted the Government's motion for partial summary judgment as to the tax amounts assessed against the Littles. (Doc.130). On March 21, 2007, the Court entered an order granting the Government's motion for summary judgment, adjudging that the

Littles' property be sold and that no defendant has an interest in the Little property senior to the federal and state tax liens (Doc. 169). Accordingly, this Court entered a Judgment on March 27, 2007 in favor of the Government and against the Littles. (Doc. 173).

On January 18, 2008, the Government filed a motion to enforce judgment by order of judicial sale. The Littles did not oppose the enforcement motion. On March 19, 2008, the Court entered an Order of Judicial Sale directing the public sale of the Property in accordance with 28 U.S.C. §2001(a) (Doc. 190).

On May 29, 2008, the Government learned that the Littles owned water rights to a ditch which flows adjacent to the Property. On June 4, 2008, the Government moved to enforce judgment by sale of the Littles' water rights with the sale of the Property. This Court denied the Government's motion to shorten time for a hearing on the motion and set a July 9, 2008 hearing date.

In its Order on Motion to Shorten Time (Doc. 194), the Court ordered the Littles to oppose this motion no later than June 25, 2008. The Court emphasized that if the Littles "fail[ed] to file a written opposition, [they] waive [their] right to appear and be heard at the July 9, 2008 hearing. Therefore, this Court will construe Defendant(s)' failure to file an opposition as non-opposition to this motion, vacate the July 9, 20008 hearing, and rule accordingly." Order on Motion to Shorten Time, 3-4 (citing Local Rule 78-230(c)). The Littles filed no opposition to the instant motion. Accordingly, this Court finds this unopposed motion suitable for decision without a hearing, VACATES the July 9, 2008 hearing, and issues the following order.

### DISCUSSION

The United States Internal Revenue Code Sections 7401 through 7403 , 26 U.S.C. §§7401-7403, allow the United States to bring a suit to reduce an unpaid tax assessment to judgment and to foreclose federal tax liens which arise from the assessment. *Id.* Federal district courts may direct the enforcement of money judgments by judicial sales. 28 U.S.C. §2001, 26 U.S.C. §7403; *United States v. Rodgers*, 461 U.S. 677, 692 (1983); *United States v. Branch Coal Corp.*, 390 F.2d 7 (3rd Cir.), *cert. denied*, 391 U.S. 966 (1968). An order of judicial sale pursuant to 28 U.S.C. §2001 is an appropriate post-judgment remedy in a foreclosure action concerning federal tax liens. *United States v. Orverman*, 424 F.2d 1142 (9th Cir. 1970).

The United States initiated this action to reduce assessments to judgment against the Littles and to foreclose on their 33-acre olive and orange ranch. This Court entered judgment on March 27, 2007, (Doc.173) ordering that the United States' federal tax liens be foreclosed and that real property be sold pursuant to 28 U.S.C. § 2001. (Doc.190). The Government moves for a Second Order of Judicial Sale relating to the Littles' water rights connected to the Property. The Littles hold shares in the Wallace Ranch Water Company (hereinafter the "Shares"), which entitles them to water rights to a ditch which flows adjacent the Property. The United States contends that the Shares may not be marketable but may increase the return to the United States if added to the sale of the real property.

This Court may order the sale of property subject to a tax lien where, as here, a claim or interest of the United States is established. 26 U.S.C. §7403. The Court has discretion over whether to order the sale of such property. *United States v. Rodgers*, 461 U.S. 677 (1983). Moreover, this Court has broad discretion in setting the terms and conditions of a sale under 28 U.S.C. §2001. *United States v. Branch Coal Corp.*, 390 F.2d 7, 10 (3d Cir), *cert. denied*, 391 U.S. 966 (1968). Upon good cause shown, the Court grants the motion, and pursuant to 28 U.S.C. §2001, orders enforcement of its March 27, 2007 Judgment.

While this Court has broad discretion over the terms and conditions of the sale, the notice requirement for a judicial sale of property is more strict. This Court's order for a judicial sale of the Little's personal property (water rights) shall be in accordance with the sale of real property. 28 U.S.C. §2004. A judicial sale of real property "shall not be made without notice published once a week for at least four weeks prior to the sale in at least one newspaper." 28 U.S.C. §2004. Thus, the 4-week notice requirement applies to the judicial sale of both personal and real property. The 4-week notice requirement attached to a judicial sale for personal and real property is a "preferential course to be followed in connection with a court authorized sale of property." *Tanzer v. Huffines*, 412 F.2d 221, 222 (3d Cir. 1969). This Court shall not "order otherwise except under extraordinary circumstances." *Id.* Accordingly, the sale of the Littles' water rights must take place at least 4 weeks after an order by this.

///

///

///

## CONCLUSION

For the foregoing reasons, this Court:

1. GRANTS the United States' motion for enforcement of judgment (Doc. 192);
2. ORDERS the United States to publish the Notice of Public Sale once a week for at least four (4) consecutive weeks before the sale in at least one newspaper regularly issued and of general circulation in Tulare County, California and by any other notice that the Internal Revenue Service deems appropriate;
4. ORDERS that a separate Order of Judicial Sale filed concurrently with this order shall describe the terms and conditions of the sale; and
5. VACATES the July 9, 2008 hearing.

IT IS SO ORDERED.

**Dated:   June 27, 2008**             /s/ Lawrence J. O'Neill
                                   UNITED STATES DISTRICT JUDGE